# John McDonald *vs.* Edward Smith *et al.*

Although it is an irregular course of proceeding, a Judge of the C. C. Pleas has power to permit the examination of a witness, after the testimony has been once closed, and the counsel of the opposing party has commenced his argument to the jury.

Where a protest has been admitted in evidence, and the Notary is afterwards called, as a witness, and testifies to all the facts stated in the protest; the admission of the protest becomes immaterial, and furnishes no cause for setting aside the verdict.

Where an inland bill or note is left in a bank for collection, three days grace are allowed under the statute of 1824, *c.* 272.

Exceptions from the Court of Common Pleas.

*Assumpsit* against the defendants, as indorsers of a promissory note made by one *Stover Rines* and payable to them, or order, for the sum of $1300,00, dated *June* 1, 1835, and payable in six months. The plaintiff then produced the note, and by permission of the Court, though objected to by the defendant, read a protest made by *William Rice,* a *Notary Public,* living at *Bangor,* where the plaintiff and defendants also resided, stating that he received the note from the *Cashier* of the *People's Bank* in *Bangor,* and on the 4*th* of *December,* 1835, made a demand upon the maker and notified the indorsers, the handwriting of the parties being admitted, and here rested his case. The counsel for the defendants then commenced his argument to the jury, after which, the plaintiff, by permission of *Perham J.,* although the defendants objected thereto, called *Rice,* the *Notary,* and proved by him the same facts stated in the protest, which had been read. On this evidence the counsel for the defendants requested the Judge to instruct the jury, that the plaintiff had not maintained his action. The Judge instructed them, that if they were satisfied by the evidence, that the note was left in the *People's Bank* for collection, the demand and notice were in season. The defendants excepted to the admission of the testimony of *Rice,* and to the instruction of the Judge.

*Rogers,* for the defendants, insisted that the Judge erred, in admitting the protest as evidence; in the admission of *Rice,* as a witness, at that state of the proceedings; and that the demand was not made seasonably, as there was no sufficient evidence of the note having been left in the *Bank* until after it was due.

McDonald *v.* Smith.

*J. McDonald, pro se,* argued, that the admission of the protest was immaterial, as the same person testified to all the facts he had stated in his protest; that the time when the witness should be introduced, was a mere exercise of the discretionary power of the Judge; and the testimony of the *notary,* that he received the note of the *Cashier,* was competent evidence to show, that the note was left in the *Bank* before due, and that the sufficiency of the testimony was not now before the Court.

The opinion of the Court was afterwards delivered by

WESTON C. J. — It was competent for the Judge, in his discretion to receive the testimony of *William Rice,* the notary, at the stage of the cause he did; although after the counsel for the defendants had commenced his argument. It did not comport with the usual course of proceedings, which has been adopted in trials to the jury. But that course is not so inflexible in its character, that it may not be departed from, when occasion requires, under the direction of the presiding Judge. The notary having proved all the facts, for which the protest was adduced, that paper became immaterial; and it is therefore unnecessary to decide upon its admissibility and effect.

The notary testified, that the note was handed to him, by the cashier of the *People's Bank,* either at that bank, or at an insurance office. We cannot take it upon ourselves to say, that this furnished no evidence, that the note was left in the bank for collection. It was properly submitted to the jury to pass upon that fact; and they found it was thus left. The demand made and notice given, on the fourth of *December,* was not then out of season, under the statute of 1824, *c.* 272; and the plaintiff was entitled to a verdict. The exceptions are accordingly overruled.

*Judgment on the verdict.*