COMMONWEALTH *vs.* DAVID B. PEASE.

Dukes County. Oct. 28. — 29, 1884. C. ALLEN & COLBURN, JJ., absent.

At the trial of an indictment, under the St. of 1882, *c.* 65, § 1, for unlawfully drawing a seine in certain waters with the intent to catch bluefish, the only witness for the government testified that he was in a boat on said waters, and saw the defendant in a seining-boat drawing a seine and taking bluefish from it; that it was what was called a mesh net, having a square mesh two or three inches large; that the fish were caught by the gills in the seine, and were drawn in dead; that the seine was forty or fifty fathoms long. *Held,* that there was sufficient evidence to justify a verdict of guilty ; and that the question whether a mesh net was a seine was properly left to the jury.

At the trial of an indictment, under the St. of 1882, *c.* 65, § 1, for unlawfully drawing a seine in certain waters with the intent to catch bluefish, the sheriff of the county, who was the only witness for the government, and who was the original complainant, testified to seeing the defendant in the commission of the offence charged; and that he knew of the provision of the statute, in § 3, that one half of the penalty recovered in any case arising thereunder shall be paid to the complainant. The judge declined to rule, as requested by the defendant, that the testimony of the witness should be received with great caution and distrust; and said to the jury that he could not instruct them, as a rule of law, that the testimony of the sheriff of the county was to be distrusted because he was interested in the result of the case to a certain amount; and left it to them to decide to what extent his credit was affected by the fact that he was so interested. *Held,* that the defendant had no ground of exception.

INDICTMENT, under the St. of 1882, *c.* 65, § 1, charging that the defendant, at Edgartown, on June 10, 1884, "unlawfully did draw a seine in certain of the waters of and in the said town of Edgartown, to wit, in the waters known as and called Cape Poge Pond, the said waters not being then and there any part of Oyster Pond, Great Pond, or Job's Neck Pond, with the

intent and for the purpose of then and there, and by means of said seine, taking and catching bluefish; against the peace of said Commonwealth and contrary to the form of the statute in such case made and provided." Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

Jason L. Dexter, who was the only witness called, testified that he was the sheriff of the county; that on the day named in the indictment he was in a sail-boat on Cape Poge Pond, in Edgartown. The witness continued as follows: "I saw the defendant in a seining-boat drawing a seine in the south part of Cape Poge Pond. The seine was in the water, and he was drawing it in at the after part of the boat. It is what is called a mesh net. It had a square mesh. I don't know how large, — some two or three inches. I have never fished with a seine. When I first saw him, I was about a quarter of a mile off. He was taking fish out of the seine. He was pulling the seine. The fish were caught by the gills in the seine, and were drawn in dead. The seine was some forty or fifty fathoms long. He had thirty-four bluefish. I saw no other kind of fish. He asked me if I was going to count the fish; I told him I was." On cross-examination, the witness testified that he made the original complaint before the magistrate; that he knew of the provision of § 3 of the statute, that one half of the money recovered in any case arising under the statute shall be paid to the complainant; and that the penalty was $100.

The defendant asked the judge to rule that, upon this evidence, he was entitled to an acquittal. But the judge declined so to rule.

The defendant also asked the judge to rule that the statute in question was to be considered; that if the testimony of the witness was not corroborated in any material point, the jury should receive it with great caution and distrust; that it was not safe to convict on the uncorroborated testimony of a person who was the original complainant, the only material witness, and the person who would be entitled to receive $50 in case of conviction, sentence, and payment of fine.

The judge declined to give these instructions; but said to the jury: "I cannot instruct you that the testimony of the sheriff of

the county is, as a rule of law, to be distrusted because he is interested in the result to the amount of $50. I cannot instruct you that, because a witness is interested to that amount, it should cause distrust. That depends on the character of the man and other circumstances. How much weight is to be attached to that fact is purely a question for the jury." The judge further instructed the jury, in substance, that, if they believed that the story of the witness was true, they were so to receive it; but if, on the other hand, they distrusted his story, for the cause stated or for any other cause, such distrust should have its influence on them in deciding the case.

The judge submitted to the jury the question whether there was a variance between the indictment and the proof, under instructions which were not excepted to.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth, submitted the case without argument.

BY THE COURT. There was sufficient evidence to justify a verdict of guilty. The jury having found that a mesh net was a seine, there was no variance. In weighing the testimony of the government witness, the jury had the right to consider what was his condition and station, and the reference to him by the court in the charge as the sheriff of the county is no ground of exception. The court properly left it to the jury to say to what extent his credit was affected by the fact that he was interested in the result of the case.          *Exceptions overruled.*