## STATE OF NORTH DAKOTA v. C. H. ALBERTSON.

(128 N. W. 1122.)

**Criminal Law — Bill of Particulars.**

1. The questions raised by the assignments of error relating to the denial of the defendant's demand for a bill of particulars, and to allowing the attorney general to ask questions which the defendant claims assumed facts unproven and questions which were leading, are identical with the same questions

passed upon by this court in the case of State v. Empting, decided at this term, 21 N. D. —, 128 N. W. 1119, and what is said by the chief justice in that case disposes of these questions.

**Criminal Law — Information and Indictment — Indorsing Names of Witnesses — Testimony of Witnesses Not on Information.**

2. Section 9794, Rev. Codes 1905, requires that the names of all witnesses for the prosecution, known to the state's attorney to be such at the time of filing the information, shall be indorsed or otherwise exhibited thereon, but provides that other witnesses may testify in behalf of the prosecution on the trial of said action, the same as if their names had been indorsed on the information. It is not error for the trial court to allow the examination of such witnesses.

**Criminal Law — Witnesses — Evidence.**

3. The information covers the time from January 1st, 1909, until May 18th, 1910. The attorney general, against the objection of defendant, was permitted to ask some of the witnesses this question: "How many times have you drunk malt or beer there in the last year and a half?" The objection to the question that it embraced more time than alleged in the information was overruled. This ruling, even if erroneous, is not prejudicial. The time inquired about was at best but a slight variance, and numerous witnesses answered substantially the same question without any objection on the part of the defendant.

**Criminal Law — Jury — Advice to Acquit — Instruction — Refusal.**

4. Error cannot be predicated upon the refusal of the court at the close of a state's case to advise the jury to return a verdict of not guilty, as the jury is not bound by such advice.

**Criminal Law — Trial — Reopening for Further Evidence — Discretion of Court.**

5. No error was committed in permitting the state, after it had rested its main case, to reopen the case for the introduction of the testimony of McDonald. It is a familiar rule of district court practice for the trial court at any time prior to the close of the case, in the exercise of its judicial discretion, to reopen the case and receive further evidence.

**Criminal Law — New Trial — Impeaching Evidence.**

6. The statements contained in affidavits used on a motion for a new trial are purely impeaching, and the general rule is that such evidence does not furnish a good ground for granting a new trial.

**Verdict — Sufficiency of Evidence.**

7. The question of the insufficiency of the evidence to justify the verdict is not properly raised.

Opinion filed November 25, 1910.

20 N. D.—33.

Appeal from District Court, Burleigh county; *Honorable W. H. Winchester*, J.

Action by the State of North Dakota against C. H. Albertson. From an order denying defendant's motion for a new trial, defendant appeals.

Affirmed.

*Newton & Dullam,* for appellant.

General powers of a court authorize a bill of particulars in criminal cases. Com. v. Snelling, 15 Pick. 321; Rex v. Hodgson, 3 Car. & P. 422; Rex v. Bootyman, 5 Car. & P. 300; State v. Conlin, 27 Vt. 323; State v. Freeman, 27 Vt. 525; State v. Bacon, 41 Vt. 532, 98 Am. Dec. 616; State v. Rowe, 43 Vt. 267.

Material facts must be assumed in question propounded to witnesses. 1 Thomp. Trials, § 369; 2 Elliott, Ev. §§ 831–838; People v. Mather, 4 Wend. 249, 21 Am. Dec. 122; People v. Graham, 21 Cal. 261; Carpenter v. Ambroson, 20 Ill. 170; Baltimore & O. R. Co. v. Thompson, 10 Md. 76; 1 Greenl. Ev. § 434; Klock v. State, 60 Wis. 574, 19 N. W. 543; Turney v. State, 8 Smedes & M. 120, 47 Am. Dec. 74; Gunter v. Watson, 49 N. C. (4 Jones, L.) 455.

*Andrew Miller,* Attorney General, *Alfred Zuger,* and *C. L. Young,* Assistant Attorneys General, for respondent.

It was not error to refuse defendant a bill of particulars. State v. Williams, 14 Tex. 98; State v. Quinn, 40 Mo. App. 627; United States v. Ross, 1 Morris (Iowa) 164; People v. Alviso, 55 Cal. 230; Jones v. State, 136 Ala. 118, 34 So. 236; Com. v. Moore, 2 Dana, 402.

Granting or refusing a bill of particulars is a matter of discretion. Com. v. Wood, 4 Gray, 11; Com. v. Giles, 1 Gray, 469; DuBois v. People, 200 Ill. 157, 93 Am. St. Rep. 183, 65 N. E. 658; Sullivan v. People, 108 Ill. App. 328; People v. Tweed, 63 N. Y. 194; Tilton v. Beecher, 59 N. Y. 176, 17 Am. Rep. 337; United States v. Tilden, 10 Ben. 547, Fed. Cas. No. 16,521; Mathis v. State, 45 Fla. 46, 34 So. 287 and cases cited.

It is not error to allow witnesses, not indorsed on information and not known to state's attorney, when filing it, to testify. Hill v. People, 26 Mich. 496; People v. Hall, 48 Mich. 482, 42 Am. Rep. 477, 12 N. W. 665, 4 Am. Crim. Rep. 357; People v. Moran, 48 Mich. 639,

4 Am. Crim. Rep. 476; State v. Church, 6 S. D. 89, 60 N. W. 143; State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052.

CARMODY, J. Appellant was, on the 26th day of May, 1910, convicted by a jury in the district court of Burleigh county of keeping and maintaining a common nuisance, in violation of § 9373, Rev. Codes 1905. There is no specific place set forth in the information where the nuisance was kept, but it alleges only that it was kept at a certain place located in the city of Bismarck, in Burleigh county, North Dakota. The defendant demanded a bill of particulars showing the description of the place, building, or other structure where the alleged nuisance was kept, the kinds of liquor sold, when and to whom sold. The demand was not verified. The trial court denied the demand. The first four errors assigned by appellant relate to this ruling. The attorney general was permitted, over the objections of defendant, to ask questions which defendant claims assumed facts unproven and questions which were leading. The fifth, sixth, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, thirty-eighth, thirty-ninth, fortieth, forty-fourth, and forty-sixth errors assigned relate to the rulings on this class of evidence. The questions raised by the assignments of error hereinbefore mentioned are identical with the same questions passed upon by this court in the case of State v. Empting, decided at this term, — ante, —, 128 N. W. 1119, and what is said by the chief justice in that case disposes of the assignments of error hereinbefore mentioned in the case at bar.

The attorney general, over the objection of the defendant, was permitted to call as a witness, Fred Weir, whose name was not indorsed on the information. In this there was no error.

Section 9794, Rev. Codes 1905, reads as follows: "All informations filed under the provisions of this article shall be by the state's attorney of the county or judicial subdivision, or by the person appointed to prosecute, as informant; and said state's attorney or person appointed to prosecute shall subscribe his name to said information, and indorse or otherwise exhibit thereon the names of all witnesses for the prosecution known to him to be such at the time of the filing of the same, but other witnesses may testify, in behalf of the

prosecution, on the trial of said action, the same as if their names had been indorsed upon the information."

The attorney general informed the court that he had no knowledge of this witness at the time he filed the information.

See State v. King, 9 S. D. 628, 70 N. W. 1046; Hill v. People, 26 Mich. 496; People v. Hall, 48 Mich. 482, 42 Am. Rep. 477, 12 N. W. 665, 4 Am. Crim. Rep. 357; People v. Moran, 48 Mich. 639, 4 Am. Crim. Rep. 476; State v. Church, 6 S. D. 89, 60 N. W. 143; State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052.

The information covers the time from January 1st, 1909, until May 18th, 1910, a period of one year, four months, and eighteen days. The attorney general, against the objection of defendant, was permitted to ask some of the witnesses this question: "How many times have you drunk malt or beer there in the last year and a half?" The objection to the question that it embraced more time than was alleged in the information was overruled. This ruling, even if erroneous, is not prejudicial. The time inquired about was at best but a slight variance, and numerous witnesses answered substantially the same question without any objection on the part of the defendant. Pharo v. Beadleston, 2 Misc. 424, 21 N. Y. Supp. 989; Com. v. Dillane, 1 Gray, 483.

The motion to advise the jury to return a verdict of not guilty was properly denied. State v. Wright, 20 N. D. 216, 126 N. W. 1023 and cases therein cited.

No error was committed in permitting the state, after it had rested its main case, to reopen the case for the introduction of the testimony of A. F. McDonald. It is a familiar rule of district court practice for the trial court, at any time prior to the close of the case, in the exercise of its judicial discretion, to reopen the case and receive further evidence. No testimony had been introduced at that time by the defendant, and he could not have been prejudiced by the ruling complained of.

The witness McDonald's name was on the information, and defendant could not have been prejudiced or surprised by the fact that he was called as a witness after the state had rested. State v. Martin, 89 Me. 117, 35 Atl. 1023; McDonald v. Smith, 14 Me. 99; Ruggles v. Coffin, 70 Me. 468; Turner v. St. John, 8 N. D. 245, 78 N. W. 340.

McDonald testified that he was chief of police of Bismarck; that he was present and assisted Deputy Sheriff Barnes in making a search of the premises about three weeks before the trial; and defendant, Albertson, was there; that McDonald and Deputy Sheriff Barnes told Albertson they were down there to search, and he told them to go ahead and search. The defendant made a motion to vacate and set aside the verdict, and for a new trial upon the statement of the case, and the affidavits of R. Wilson, August Boyer, Jr., and defendant Albertson. The affidavit of Wilson is to the effect that he was present in the front room of the place where the nuisance was alleged to be maintained, at the time the search was made by Deputy Sheriff Barnes and Chief of Police McDonald; that Albertson was not in the front room when the officers came in, nor in the back room, according to the best knowledge and belief of Wilson, and that no such conversation as McDonald testified to took place; that he knew Deputy Sheriff Barnes, Chief of Police McDonald, and defendant Albertson. Boyer's affidavit was in substance that he knew Chief of Police McDonald, Deputy Sheriff Barnes, and defendant Albertson; that he and Wilson were in the front room of the place where the nuisance was alleged to be maintained when Barnes and McDonald came in to make the search; that defendant Albertson was not there, and did not come in for about ten minutes after the officers came in, and that the officers had then passed into another room, and that no such conversation as that testified to by McDonald took place. Albertson's affidavit was to the effect that he was not in the front room of said place when the officers entered, and did not see them there, but met them in the back room, but no such conversation as that testified to by McDonald took place. Albertson did not go on the stand at the trial.

These affidavits are purely impeaching, and the general rule is that such evidence does not furnish a good ground for granting a new trial. Libby v. Barry, 15 N. D. 286, 107 N. W. 972; Heyrock v. McKenzie, 8 N. D. 601, 86 N. W. 762; Stoakes v. Monroe, 36 Cal. 388, 2 Mor. Min. Rep. 246; 14 Enc. Pl. & Pr. p. 791.

At any rate the motion for a new trial, based on these affidavits, was addressed to the sound judicial discretion of the trial court, and the action of the trial court upon the motion is conclusive upon this

court, unless it appears that the discretion vested in the court below has been abused. . · ·

The question of the insufficiency of the evidence to justify the verdict is not properly raised.

. Finding no prejudicial error, the order appealed from is affirmed. All concur.