# STATE OF NORTH DAKOTA v. WILLIAM EMPTING.

### (128 N. W. 1119.)

**Criminal Law — Bill of Particulars — Discretion of Court.**

1. Whether a demand for a bill of particulars in a criminal case is ever permissible in this state not decided, but, conceding that it may be demanded, it is a matter that is always within the discretion of the trial court, and such discretion will not be interfered with on appeal unless it appears that there has been a manifest abuse thereof.

**Criminal Law — Trial — Leading Questions — Discretion of Court.**

2. The allowance of answers to leading questions or questions which assume facts not proven is strictly discretionary with trial judges, and unless there appears a clear abuse of that discretion, appellate courts will not disturb their rulings.

**Criminal Law — New Trial — Verdict Against Evidence — Specification of Error.**

3. Whether a verdict in a criminal case is against the evidence or not will not be reviewed on appeal unless the motion for a new trial specifies as error that the verdict is against the evidence, and failure by the state to object to the motion for a new trial when made without any specification is not a waiver of the right to raise the question in this court.

**Trial — Evidence.**

4. Objections to questions and motions to strike out answers considered, and the rulings of the trial court sustained.

Opinion filed November 25, 1910.

Appeal from the District Court of Burleigh county; *Winchester, J.*

After a trial and conviction for keeping and maintaining a common nuisance, defendant appeals.

Affirmed.

*Newton & Dullam,* for appellant.

*Andrew Miller,* Attorney General, *Alfred Zuger, C. L. Young,* and *F. C. Heffron,* Assistant Attorneys General, for respondent.

MORGAN, Ch. J. The information charges defendant with keeping and maintaining a nuisance by the sale and keeping for sale of intoxicating liquors. There is no specific place set forth in the information where the nuisance was kept but it alleges only that it was located within the city of Bismarck in Burleigh county, North Dakota. The defendant demanded a bill of particulars showing the specific place or building where the nuisance was kept, the kind of liquors sold, when and to whom sold. The demand was not verified. The trial court denied the demand, and the defendant excepted.

The appellant claims that this ruling was prejudicially erroneous, especially so far as the demand for the precise location of the nuisance is concerned. As to the particulars demanded, except the location, the appellant practically concedes that they cannot properly be demanded. The demand states that the defendant cannot understandingly prepare for trial without this specific information, on account of the indefiniteness of the allegations of the information.

Conceding, without deciding expressly, that a refusal to compel the state to furnish a statement of the precise location of the alleged nuisance may, under some circumstances, be erroneous and prejudicial, we are satisfied that the refusal was not error in this case. The defendant had a preliminary examination at which the desired information could have been secured. Further, the demand was not verified. Further, there is nothing in the record of the trial, showing that any prejudice followed, or could follow, from the ruling.

There is no statute in this state regulating or providing for a bill of particulars in criminal cases. The statute provides that the information must be direct and certain, as to the party and crime charged, and that the offense must be charged in such a manner as to enable a person of common understanding to know what is intended. The particular circumstances need not be alleged unless necessary to constitute a complete offense. Rev. Codes 1905, § 9849. It has been held in this state that a specific description of the place where a nuisance is alleged to have been maintained need not be set forth in the information, except in cases where the state claims an abatement of the nuisance. It is not necessary to particularly describe the place where punishment of the keeper only is sought. Said section, therefore, has no application to informations in cases like the one under

consideration. In view of the fact that the information conformed. to the statutory requirements, and of the preliminary examination, and. that the demand was not under oath, we are satisfied that the trial court did not abuse the judicial discretion vested in it, in denying the demand for such particulars, even conceding that trial courts may properly, under some circumstances, grant such request.

We do not hold, in this case, that the fact of having had a preliminary examination always necessarily constitutes a waiver of the right to demand a bill of particulars, nor that the failure to verify the request or demand is in all cases fatal to the granting of the demand. But these matters, considered in connection with the evidence at the trial, conclusively show that there was no abuse of discretion in denying the request in this case. In some states the privilege is not ever allowed in criminal cases. Where allowable, it is not subject to review, unless the judicial discretion of the trial court has been clearly abused. In Mathis v. State, 45 Fla. 46, 34 So. 287, there is an exhaustive consideration of this question and a review of the authorities. In that. case it is said: "Such an application or motion, however, is not founded upon a legal right, but is a matter resting within the sound judicial discretion of the court, depending entirely upon the nature and circumstances of each particular case, as they appear to the court before whom the trial is had, and the refusal of the trial judge to grant such motion will not be disturbed or reversed by an appellate court unless. there was an abuse of such discretion. . . . We will add that, under the system of criminal pleading prevailing in this state, the forms of indictment and informations generally used, we can conceive of but. few criminal cases wherein it would be necessary to order a bill of particulars."

In Com. v. Wood, 4 Gray, 11, the court said: "But although such is the uniform practice, a specification cannot be claimed as a matter of right on the part of the defendant. This power, from its nature, must rest in the sound discretion of the court before which an indictment is pending, to be exercised according to the circumstances of each particular case. In this respect it stands on the same footing with the general authority of the court to regulate the course and conduct. of trials, and, being a matter resting in the discretion of the judge,

the mode in which the power is exercised is not properly a subject of exception."

See also 32 Cyc. Law & Proc. p. 371, and cases cited. Bishop, New Crim. Proc. § 643; McClain, Crim. Law, § 976; Wharton, Crim. Pl. & Pr. § 702; Com. v. Giles, 1 Gray, 466.

Objections are also urged because the state's attorney asked questions which assumed facts unproven, and questions which were leading, which were allowed to be answered although objected to. The following are some of the questions: "Are you acquainted with Empting's place of business?" "Will you describe this Empting's place?" "Do you know his place of business in the city of Bismarck?" The other questions were similar to the ones given, and simply assume that the defendant had a place of business. The fact that he had a place of business where intoxicating liquors were kept or sold was not suggested by any of these questions, or assumed to be true by any question, and, as a matter of fact, such questions were generally in the nature of preliminary questions. The further fact appears that at the place known as "Empting's Place" goods were sold, such as cigars, tobacco, and canned goods. The jury was expressly and pointedly instructed that keeping a place is not a criminal offense, and before it becomes such under the prohibitory laws of this state, intoxicating liquors must be kept or sold at such place, or such place must be resorted to for the purpose of drinking intoxicating liquors. A question may assume a fact, and not be necessarily prejudicial if answered. The allowance of answers to such questions is largely in the discretion of the trial judge, and it is only in cases of a clear abuse of that discretion that appellate courts will reverse a conviction where answers are permitted to such questions. We think it would be an unwarranted assumption to hold the admission of that testimony prejudicial under such instructions. Although these questions assume a fact, to some extent, we think no prejudice followed or could follow. There is no place on this record for an assumption that the minds of the jurors might have been confused by such questions, and therefore failed to distinguish what the issue was as between having a place of business and a place of business where intoxicating liquors were dealt in. The jury was explicitly charged as to this distinction.

Exception was taken to the admission in evidence of the assessor's

book showing that goods and merchandise valued at $50 were assessed to the defendant. The claim is that such property was not shown to have been at the place in question. The property was listed by the defendant while not at his place of business, but on the street. There was no direct statement by him that this property was located at this place, or where it was located, and the assessor did not ask him in terms where this property was located. The list was signed by the defendant. The assessor had examined the building before this, and was familiar with it, and he asked the defendant whether he did not own cigars and tobacco, and the defendant answered that he did. The assessor testifies, "It is just my supposition that it is the same property there in the building. It was signed by him there in my presence as such."

The defendant made a motion to strike out all the testimony of the assessor and the assessment list and affidavit, on the ground that there was nothing to show that this property was at the place alleged to be a nuisance. The contention is that there is nothing in the assessor's evidence further than what was a mere supposition on his part. Considered in connection with what the assessor knew of the building, and what passed between him and the defendant when the property was listed, it was not error to allow the jury to consider it. The record shows that there was a place of business known as "Empting's Place," and that cigars and other goods were kept there, and that intoxicating liquors were also sold there, and that the defendant was at this place at different times. The defendant listed such cigars and other property for assessment. There is no evidence that he owned cigars at any other place. The assessor testified, on cross-examination, that he inferred or supposed the cigars to be at the place in question. What the assessor's inference was from all his conversation with the defendant, and his knowledge of the place and building, was a proper matter for cross-examination, and the weight of such answers was for the jury. It was not error to refuse to strike out the assessor's evidence.

It is now claimed that the verdict is not sustained by the evidence. The precise contention relating thereto is that there is no evidence that the defendant kept or had control of the place. A motion for a new trial was made and overruled. The motion was made and heard on a settled statement of the case. There is no specification in the motion

for a new trial that the verdict is not sustained by the evidence, or that it is against the evidence. The insufficiency of the evidence was nowhere raised or challenged before the trial court, so far as the record shows. We cannot, therefore, review the evidence to determine its sufficiency.

Sec. 10082, Rev. Codes, 1905, provides that the notice of motion for a new trial must specify the errors relied on as grounds for the granting of the motion. The matter of thus specifying the errors in the motion is not a necessary step to insure a review of the evidence, and it is not waived by not being objected to by the state when the motion for a new trial is presented or argued.

The same strictness is not required by the statute, in specifying wherein the evidence is insufficient to sustain the verdict in a criminal, as in civil cases. The requirement is that the motion for a new trial must state the ground. Among these grounds is that the verdict is clearly against the evidence. Without such or an equivalent specification, the state or the trial judge may well presume that the verdict is not attacked as being based on insufficient evidence. In this case we have before us nothing showing that the trial court has ever considered whether the evidence sustains a conviction or not. This omission in the motion precludes our right to review the sufficiency of the evidence.

This disposes of all the assignments argued, and it follows that the judgment must be affirmed. All concur.