**STATE of North Dakota, Plaintiff and Respondent,**

v.

**John W. MANNING, Defendant and Appellant.**

Cr. 340.

Supreme Court of North Dakota.

Feb. 16, 1967.

Helgi Johanneson, Atty. Gen., Bismarck, and John A. Alphson, State's Atty., Grand Forks, for plaintiff and respondent.

Leibert L. Greenberg, Grand Forks, for defendant and appellant.

STRUTZ, Judge.

The defendant was charged in the county court of increased jurisdiction of Grand Forks County with the crime of leaving the scene of an accident and with failing to render assistance to a person injured in such accident. This court, on a previous appeal, reversed the judgment of conviction and remanded the case for new trial. State v. Manning (N.D.), 134 N.W.2d 91.

The defendant was tried a second time and was convicted and sentenced. He thereupon made a motion for new trial on

the ground of insufficiency of the evidence, which motion was denied. This appeal is from the judgment of conviction and from the order denying motion for new trial.

The sole issue presented on this appeal is whether the evidence produced by the State is legally sufficient to support the verdict of guilty returned by the jury.

Undisputed evidence in the record discloses that, on September 28, 1963, the defendant was a member of the United States Air Force connected with the Grand Forks Air Base and residing on the base; that he was the owner of a 1961 light-colored Thunderbird with Texas license plate No. BH7868; that at about 10:30 o'clock in the evening of that day, a seventeen-year-old boy was struck and killed by a motor vehicle while walking along the highway. The record further discloses that a fender skirt from a motor vehicle was found under the body of the deceased; that certain persons, hearing the squeal of brakes and a thud, hurried to the scene of the accident and found the deceased lying on the highway; that they notified police and called an ambulance and that, while they were at the scene, a light-colored Thunderbird automobile drove up and was stopped. This vehicle had damage to its right rear side and, because of this fact, one of the persons at the scene of the accident requested his wife to write down the license number of the vehicle. After securing paper and a pencil, she noted that the vehicle bore Texas license plate No. BH6878.

Investigation of Air Force records at the base disclosed that a light-colored Thunderbird with Texas license No. BH7868 was owned by the defendant. The evidence further discloses that, shortly after the date of the accident, the defendant's light-colored Thunderbird was repaired at a local garage in Grand Forks and that the repair was to the right rear of the car; that at the time of such repair a new fender skirt was installed on the right rear fender.

The evidence further discloses that on the evening of the accident the defendant ordered a pizza from a pizza house in Emerado; that the order was placed at approximately 10:20 p.m., and that thereafter the pizza was picked up by the defendant, who was definitely identified by the operator of the pizza house; that the driver of the light-colored Thunderbird with the damage to the right side, which had been stopped at the scene of the accident, had advised the person who stopped him that he was on his way to pick up a pizza in Emerado; that the driver of this light-colored Thunderbird did not give his name, address, registration number of his vehicle, and he did not render any assistance to the boy who had been struck on the highway, nor did he do any of the other things required under the provisions of Section 39–08–06, North Dakota Century Code.

■ The defendant did not take the stand. The burden never is on an accused to show that he did not commit the act charged, and thus it was a matter of choice whether he wanted to try to explain the incriminating circumstances presented against him, or to remain silent. His failure to testify cannot be considered against him. The sole question on this appeal, therefore, is whether the evidence which was presented by the State is sufficient to support the jury's verdict of guilty.

■ In general, the burden of proof is always on the prosecution to establish the guilt of an accused beyond a reasonable doubt. 22A C.J.S. Criminal Law § 566, p. 307 et seq.; Sec. 29–21–05, N.D.C.C. This is true whether the charge against the accused is for a misdemeanor or a felony.

Thus the State has the burden of establishing guilt of the defendant by legally sufficient evidence, either direct or circumstantial. Did the State sustain its burden of proving every essential element of the crime charged, and every fact and circumstance essential to the guilt of the defendant in this case? If the evidence is such that reasonable minds may believe that it proves the charge against the accused,

then the verdict is conclusive as to its sufficiency. State v. Young, 55 N.D. 194, 212 N.W. 857.

Does the evidence in this case show that the State has sustained the burden of proving that time, place, means, and opportunity all concurred in pointing out that the defendant committed the crime of leaving the scene of the accident and of failing to render assistance? We have carefully reviewed the record. It shows that the accused went to the pizza house in Emerado at approximately the time of the accident; that the usual route of travel for a person traveling from the vicinity of the home of the defendant to the pizza house was along the road where the accident occurred. The evidence of the State further establishes that the defendant's automobile carried a Texas license plate with the same digits as that of the car which was at the scene, although the numbers were not in the exact order as written down by the State's witness; that the defendant's car was a light-colored Thunderbird, which was the same make and color as the automobile at the scene; that it was damaged on the right side and was without a right rear fender skirt, and that a fender skirt was found under the body of the accident victim.

Thus there is very substantial evidence to support the verdict. This court has heretofore held that, where there is substantial evidence to support the verdict, it is not an abuse of discretion on the part of the trial court to refuse to grant a new trial on the ground of insufficiency of the evidence. State v. Moore (N.D.), 101 N.W. 2d 579.

Where a verdict has been returned by a jury on circumstantial evidence sufficient to reasonably justify an inference of guilt, and where the trial court has denied a motion for new trial made on the ground that the evidence is insufficient to justify the verdict, neither the order denying new trial nor the judgment will be disturbed on appeal.

The defendant, Manning, has had a fair trial. The evidence is sufficient to warrant the jury in finding him guilty of the crime of leaving the scene of an accident and failing to render reasonable assistance, in violation of Sections 39–08–04 and 39–08–06 of the North Dakota Century Code.

The order and judgment appealed from are affirmed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and PAULSON, JJ., concur.