**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Gary Dean OLSON, Defendant and Appellant.**

**Crim. No. 687.**

Supreme Court of North Dakota.

Oct. 25, 1979.

Cynthia A. Rothe, State's Atty., Fargo, for plaintiff and appellee; argued by Mervin D. Nordeng, Asst. State's Atty.

Bickle, Coles & Snyder, Bismarck, for defendant and appellant; argued by Robert J. Snyder, Bismarck.

PEDERSON, Justice.

This is an appeal from an order denying Olson's motion for a new trial. The order is affirmed.

In June 1977, a Cass County jury convicted Olson of murdering his wife. He appealed and we affirmed the conviction. *State v. Olson*, 274 N.W.2d 190 (N.D.1978). During the summer of 1978, Olson sent his lawyer a copy of a newspaper clipping from the June 13, 1978, issue of The Minneapolis Star, wherein a team of Minneapolis Star staff writers assert that an ex-convict named Arnold Wayne Neukom[1] admits that he lied for pay in a 1975 Minneapolis murder trial.

Olson's lawyer did nothing about the matter until February 5, 1979, when he personally executed an affidavit wherein he expressed his personal belief that if the newspaper article had been available during the June 1977 trial, Olson would have been acquitted. That affidavit, with a copy of the newspaper clipping, was submitted to the trial court in support of the motion for new trial under Rule 33, NDRCrimP, upon the ground of newly discovered evidence.

In a footnote in *Porter v. Porter*, 274 N.W.2d 235, 243 (N.D.1979), we said:

"We do not approve of the practice of an attorney filing an affidavit on behalf of his client asserting the status of that client. Not only does the affidavit become hearsay but it places the attorney in a position of a witness, thus compromising his role as an advocate."

The Code of Professional Responsibility, which has been adopted in this state, provides in Ethical Considerations, EC 5–9, that:

"Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively."

It is not evident in this case that the lawyer ever intended to be a witness for his client. We believe that the lawyer's affidavit was merely a tool for getting the newspaper clipping before the trial court and the contents of the affidavit are arguments to advance the cause of Olson. No objective statement of any material facts is in the affidavit. The requirement in the superseded § 29–24–03, NDCC, which was discussed in *State v. Jager*, 91 N.W.2d 337 (N.D.1958), that the affidavits be "of the persons by whom such evidence is expected to be given," no longer is specifically re-

---

1. Arnold Wayne Neukom, a cell mate of Gary Dean Olson before the trial, testified at the June 1977 trial that Olson made incriminating

statements to him. See *State v. Olson*, 274 N.W.2d 190, 194 (N.D.1978).

quired under Rule 33(b). For a general discussion of ground for new trial in criminal cases, see *State v. Olmstead*, 261 N.W.2d 880 (N.D.1978).

Rule 33(b), NDRCrimP, provides in part:

"A motion based upon newly discovered evidence . . . shall be supported by affidavits. A motion for a new trial based on the ground of newly discovered evidence must be made within thirty days after discovery of the facts . . . but if an appeal is pending the court may grant the motion only on remand of the case."

In argument to the trial court counsel conceded that the motion had not been made within the authorized thirty days from discovery of the facts, but argued that because the question at that time was before the Supreme Court, he did not think the trial court had jurisdiction. That argument fails to recognize the significance of the last sentence in Rule 33(b) quoted above. The trial court denied the motion on the grounds that it was not timely made and that there was no authority to grant an extension of time. See Rule 45(b), NDRCrimP.

In Olson's argument to the trial court, it was contended that if the motion was found untimely, the merits could be decided by considering his application as one for relief under the Uniform Post-Conviction Procedure Act, Chapter 29–32, NDCC. Even though the trial judge did not concur with this defense counsel suggestion, he nevertheless considered the merits of the motion for new trial "because of the gravity of the crime for which he stands convicted," and concluded that the affidavit was entirely inadequate, and the evidence reflected in the newspaper clipping was purely impeaching and no new trial was warranted. On oral argument before this court, Olson's present counsel stated that he was not suggesting that the application be considered under the Uniform Post-Conviction Procedure Act.

We do not condone the failure to make timely application for new trial based upon newly discovered evidence. We do not intend to leave the impression that an affidavit that merely presents legal arguments fulfills the requirements of Rule 33(b). Probative affidavits are required. However, in the interests of judicial economy, we will consider the merits of Olson's motion for new trial.

The trial court memorandum stated: "The defendant's supporting affidavit with the attached zerox copy of the news item contains at best a recitation of purported facts from second and third hand sources. In the Court's opinion, a new trial cannot be based upon such a tenuous foundation."

Nothing in the newspaper article related in any way to the facts of this case. If all of the statements attributable in the news item to Arnold Wayne Neukom were accepted as true, even though they are disputed in the clipping itself, the statements would merely tend to impeach Neukom as a witness.

In *State v. Young*, 55 N.D. 194, 212 N.W. 857, 863 (1927), this court said:

"Purely impeaching affidavits do not furnish grounds for a new trial. *State v. Albertson*, 20 N.D. 512, 517, 128 N.W. 1122."

No cases have been brought to our attention wherein it has been held to be a manifest abuse of discretion to deny a new trial on the basis of newly discovered evidence which will merely impeach some of the testimony presented at the trial. In the instant case, there was additional compelling evidence of guilt other than that submitted by witness Arnold Wayne Neukom.

The order denying a new trial is affirmed.

ERICKSTAD, C. J., VANDE WALLE and SAND, JJ., and CLIFFORD JANSONIUS, Commissioner, concur.

PAULSON, J., deeming himself disqualified, did not participate. Supreme Court Commissioner CLIFFORD JANSONIUS sat in his stead.