## The State of North Dakota v. John Sanders.

Opinion filed May 2, 1905.

**Robbery — Description of Property Taken.**

1. An information for robbery sufficiently describes the property alleged to have been taken if the property is described with sufficient certainty to enable the jury to say whether the chattels proved to have been stolen are the same as those referred to in the information, and to enable the court to know judicially that the articles could have been the subject matter of the offense charged.

**Information — Allegation of Means Producing Fear.**

2. In an information for robbery accomplished by fear, it is not necessary to allege the means whereby the fear was created.

**Putting in Fear.**

3. The complaining witness was compelled to submit to the robbery by the defendant aiming a pistol at him and ordering him to throw up his hands. *Held,* that the robbery was accomplished by putting in fear.

**Allegation of Robbery Accomplished by Fear and Proof of Force and Fear, Not Variance.**

4. Proof that a robbery as accomplished by both force and fear is not a variance from an information that alleges that the taking was accomplished by fear.

**Evidence — Variance.**

5. Although an information for robbery alleges the taking of several articles, it is sufficient to prove the taking of some of them.

**Instruction.**

6. Where, in a case of robbery, the proof is such that defendant is either guilty of the crime charged, or wholly innocent, it is proper for the court to so instruct the jury.

**Stay of Execution Pending Appeal.**

7. A certificate of probable cause is not alone sufficient to stay execution in a criminal case, and an application for such certificate with a view to suspending the execution of sentence pending appeal in a criminal case will not be entertained by the Supreme Court, when the defendant has neither offered to give bail, nor applied to the trial judge, under section 8340, Rev. Codes 1899, for a stay of execution without bail.

Appeal from District Court, Cass county; *Pollock,* J.

John Sanders was convicted of robbery, and appeals.

Affirmed.

*M. A. Hildreth,* for appellant.

Where there is no testimony describing the property taken in the robbery as of the kind and character described in the information, such absence of proof is fatal. People v. Jones, 5 Lans. 340.

Robbery involves larceny from the person. It must, therefore, be proved that the property taken was of the same description as that alleged in the information. People v. Jackson, 8 Barb. 637; State v. Longbottoms, 11 Humph. 39; State v. Clark, 8 Reid, 226; Merwin v. People, 26 Mich. 298, 12 Am. Rep. 314; 1 Green's Criminal Rep. 349; People v. Bogart, 36 Cal. 245; People v. Ball, 14 Cal. 101, 73 Am. Dec. 631; Lord v. State, 20 N. H. 404, 51 Am. Dec. 231; Boyle v. State, 37 Tex. 359.

No assault was alleged. The term that complaining witness was put in fear was used. It was at variance with the allegations of the information to prove an assault by one of the defendants by pointing something at him and ordering him to throw up his hands. 2 Bish. New Criminal Law, p. 676, section 1174, and cases cited.

The court should instruct on every phase involved in the trial. State v. Fordham, 13 N. D. 494, 101 N. W. 888. The court failed to instruct the jury that it was essential to the crime of robbery that the property taken from the person of the complaining witness was taken with intent to steal it. Nor did the court instruct that larceny from the person was involved in robbery, and that, under the statutes of this state, the defendant could have been convicted of larceny from the person. Nor did the court instruct that the state should prove: First, that an assault was made upon the complaining witness, and he was, therefore, put in fear of his life; second, that the property was taken from the person of the complaining witness without his consent, and with the felonious intent on the part of the defendant, to take, steal and carry away. This was reversible error.

*C. N. Frich,* Attorney General, *W. H. Barnett,* State's Attorney, and *Seth W. Richardson,* Assistant State's Attorney, for respondent.

It is not necessary to allege evidence in the information, hence the fact that no assault was charged is of no weight. Appellant held a gun and said "hold up your hands," and pointed it at complaining witness. He held up his hands. He testified that he held

up his hands because he was scared. The only explanation why he did so was complainant's fear, and this makes the allegation in the information in regard to putting in fear sufficient and complete, and disposes of the objection of variance. The information charges taking a hunting knife, a small gold frame photograph and a leather pocket book. The proof shows a knife subsequently described as a deer knife, with deer hair on the handle, also a picture which Sandberg said was of himself, with a gold frame on it, also a pocket book not described. Thus the question of variance was disposed of. The evidence shows that the appellant "held up" Sandberg and Johnson, by means of putting them in fear, took certain property, which was found upon them, and such evidence unquestionably supports a verdict of guilty.

Defendant asked for the following charge: "Physical force may consist in pointing a revolver at a man. Therefore, if you find that the complaining witness held up his hands as the result of the gun being pointed at him, and not as a result of fear, then I charge, you must acquit the defendant." It is impossible to distinguish between the act of pointing a gun and the effect upon the person at which it is pointed, so far as the necessary ingredients of the crime of robbery charged are concerned. Force may consist in pointing a revolver at a person, but the state of mind of the party at which it is pointed, during such act, becomes the proximate condition upon which the subsequent unlawful act may be based, and such unlawful act is properly charged as the means whereby the crime is committed, hence the asked for instruction was properly refused.

ENGERUD, J. The appellant was tried, and found guilty as charged, upon an information which charged the crime of robbery in the following language: "That at said time and place the above-named defendants, George O'Malley and John Sanders, did feloniously and conjointly, by then and there putting him in fear of his life, and against the will and from the person of one John Sandberg, take, steal and carry away certain personal property then and there belonging to said John Sandberg, to wit, one leather pocketbook, one small, gold-framed photograph, picture of said John Sandberg, one hunting knife, and certain and divers coins, to wit, pennies, lawful money of the United States, the exact number to the affiant unknown. All of the above-described property being of the aggregate value of five ($5) dollars." A motion in arrest of judgment was overruled, and this appeal is from the judg-

ment of conviction rendered and entered in accordance with the verdict. The sufficiency of the information was attacked for the first time by the motion in arrest of judgment. It is claimed that the information is insufficient because it does not describe with sufficient accuracy the property taken, and because it does not show the means employed to put the victim of the robbery in fear. Assuming, without deciding, that such defects would be fatal to an information for robbery if not raised until after trial, we are agreed that this information is not defective in either particular. This information describes the property taken with sufficient certainty to enable the jury to say whether the chattels proved to have been stolen are the same as those referred to in the information, and to enable the court to know judicially that the articles could have been the subject-matter of the offense charged. More than this is not required. People v. Jackson, 8 Barb. 637, and authorities there cited; State v. Nipper, 95 N. C. 654. It was not necessary to allege the means whereby the putting in fear was accomplished. That the victim was in fear, and that the defendant caused it for the unlawful purpose, were part of the facts constituting the crime alleged, and to be proven. The means whereby fear was created were part of the evidentiary facts admissible to prove the fact alleged.

There were numerous objections to evidence, and finally a motion for a directed verdict of acquittal, all of which were overruled, and the rulings are assigned as error on this appeal. They are all based upon the contention that there was a fatal variance between the allegations and proof.

The evidence showed that the defendant pointed a pistol at the complaining witness, Sandberg, and made him hold up his hands while defendant's confederate, O'Malley, took from the pockets of their victim various articles of personal property. It is asserted that this proof of the assault with a pistol was inadmissible, because it tended to show a robbery accomplished by force, and not fear, as alleged. There is no merit in the point. The evidence shows that the taking was accomplished by both force and fear. It is clearly no variance when the proof shows more than it was necessary to prove in order to sustain the allegations. Sandberg threw up his hands and submitted to the unlawful taking of his property from his person because the presentation of the pistol and the command to throw up his hands conveyed to his mind, as it was intended to do, the fear that disobedience would endanger his

life. It was clearly a taking accomplished by fear, and it was no less a taking by fear that it may also be termed a forcible taking. As stated before, it was not necessary to allege the means whereby fear was induced, and hence the omission from the information of any mention of an assault with a pistol would not preclude proof that fear was created in that manner.

It is further contended that the description of the property taken, as shown by the evidence, does not conform to the description as alleged. There is no proof showing what kind of money was taken, nor is there any proof that the pocketbook taken was a leather one. The proof shows, however, that a knife and a gold-framed photograph of Sandberg's were taken. These two articles were found in O'Malley's possession when he was arrested, soon after the robbery. They were produced at the trial, identified as the stolen property, and introduced in evidence. The trial court and jury could not tell by an inspection of them whether they corresponded to the description of them in the information. Although the same terms were not used by the witness in describing the articles at the trial as were used in the information, it does not appear from the record that the articles did not answer the description as alleged. It was not necessary to prove the taking of all the articles alleged to have been taken. The taking of any of the articles alleged was sufficient. People v. Wiley, 3 Hill (N. Y.) 194; Bishop's New Criminal Procedure, section 488b, subdivision 4.

Error is assigned because the court did not define the crime of larceny, and inform the jury that it might, instead of acquitting or convicting the defendant of robbery, find him guilty of larceny. The court was not requested to so charge, and, upon the evidence disclosed by the record, the defendant was either guilty as alleged, or he was wholly innocent. The court properly instructed the jury to that effect. Blashfield's Instructions to Juries, sections 190, 191; State v. Reasby, 100 Iowa, 231, 69 N.W. 451.

The other assignments of error based upon exceptions to the charge have not been discussed in the brief or in oral argument, and must be deemed abandoned. We have, however, examined the instructions excepted to, and can detect no error in them.

It is finally urged that the trial court omitted, in charging the jury, to state with sufficient fullness all the elements necessary to constitute the crime charged. There are no assignments of error covering this point, and it will not, therefore, be noticed. We

are not disposed in this case to relax the rule requiring assignments of error, because we are satisfied that no real prejudice has resulted to the appellant by the alleged technical error. Rules will be relaxed only in the interests of justice.

Shortly after the defendant's appeal was perfected, but after he had been conveyed to the state penitentiary and commenced serving his sentence, his counsel applied to this court for a certificate of probable cause, with a view to suspending the further execution of the judgment, and of causing him to be returned to the Cass county jail to remain pending the appeal. The certificate was denied, without regard to the merits, and upon the sole ground that the defendant had not put in bail, and had not, upon application to the trial court, been excused from giving bail. It will be seen by a reference to the provisions of our statute relating to the suspension of the execution of judgment in criminal cases that a certificate of probable cause alone, in a case not capital, does not suspend the execution of the judgment. Section 8335, Rev. Codes 1899, reads as follows: "An appeal to the Supreme Court from a judgment of conviction, stays the execution of the judgment in all capital cases, and in all other cases upon filing with the clerk of the district court of the county in which the conviction was had, a certificate of the judge who presided at the trial, or of a judge of the Supreme Court, that in his opinion there is probable cause for appeal, but not otherwise, except as hereinafter provided." If this were the only provision on the subject, and if it were not for the proviso contained in it, the execution would be stayed by the filing of the certificate of probable cause. California has such a statute. Section 1243, Pen. Code Cal. Section 8335, supra, must, however, be read in connection with section 8340, to which the proviso refers. This section is as follows: "An appeal taken by the defendant does not stay the execution of the judgment in any case not capital, unless bail is put in, except when the judgment is imprisonment in the penitentiary, and an appeal is taken during the term at which the judgment is rendered, and the defendant is unable to give bail, and that fact is satisfactorily shown to the court, it may, in its discretion, order the sheriff or other officer having the defendant in custody, to detain him in custody without taking him to the penitentiary, to abide the judgment on appeal, if the defendant desires it." It will be seen that the legislature has imposed a further condition upon the de-

fendant who would stay the execution of the judgment in a criminal case; i. e., he must put in bail, or must excuse the giving of bail under section 8340, supra. The filing of a certificate of probable cause alone is without effect. The defendant having neither put in bail, nor applied to the trial judge, under section 8340, supra, to excuse himself from giving bail, a certificate of probable cause would avail him nothing, and was therefore denied.

The judgment is affirmed, All concur.