# NEW YORK

# CRIMINAL REPORTS

## VOL. XLI

---

### SUPREME COURT — SPECIAL TERM — KINGS COUNTY.

#### October, 1923.

### THE PEOPLE v. WILLIAM OXFELD.

#### (121 Misc. 524.)

(1) CERTIFICATE OF REASONABLE DOUBT—DENIAL OF APPLICATION DOES NOT PRECLUDE REARGUMENT OF ORIGINAL MOTION AND GRANTING OF CERTIFICATE—CODE CRIM. PROC., §§ 527, 529.

Section 529 of the Code of Criminal Procedure, which provides that when an application for a certificate of reasonable doubt has been made and denied, no other application for such certificate shall be made, does not preclude a reargument of the original motion, and the court is justified in granting the certificate, if in its opinion a serious question of law is involved.

(2) SAME—FAILURE TO OBJECT OR EXCEPT TO TESTIMONY.

Where upon the reargument it is shown that the officer who made the arrest was permitted to testify on the trial, without objection or exception, that the defendant had confessed to him that he had committed a similar crime about three years before and that sentence had been suspended, a question of law deserving of serious consideration as to whether the conviction of defendant should be upheld is involved, and a certificate of reasonable doubt will be granted, as under section 527 of the Code of Criminal Procedure the appellate court may order a new trial, if justice requires, whether an exception was taken to the admission of such testimony or not.

APPLICATION for certificate of reasonable doubt.

*Chas. J. Dodd, District Attorney (Wm. F. X. Geoghan,* of counsel), for People.

*Seigmeister & Rayfiel (Peter P. Smith,* of counsel), for defendant.

HAGARTY, J.:

This is an application for a certificate of reasonable doubt. Heretofore, and on the 21st day of September, 1923, after argument, the certificate was denied. The motion was reargued at the same term, before the same justice. Upon the reargument the defendant urged a question of law that was not raised by exception at the trial, nor was it presented to the court upon the original argument. The district attorney argues that section 529 of the Code of Criminal Procedure precludes the court from granting a certificate at this time, because it has been already denied. This section of the Code provides that when an application for a certificate of reasonable doubt has been made and denied by the court, no other application for such certificate shall be made. This section was enacted to prevent the defendant from applying to judge after judge until one could be found who would grant the relief requested. It was not intended to apply to a case where the motion for a reargument comes on before the same court, at the same term, with the same presiding justice and upon the same record and the same motion papers. (Carlisle v. Barnes, 183 N. Y. 272, 273; Baylies Tr. Pr. [2d ed.] 665.) It is provided by section 527 of the Code of Criminal Procedure that upon an appeal to the Appellate Division of the Supreme Court from a judgment of conviction, execution may be stayed upon filing a certificate of the Supreme Court that in the opinion of the court there is reasonable doubt whether the judgment should stand. The section further provides that " the appellate court may order a new trial if it be satisfied that the verdict against the prisoner was against the weight of evidence or against the law,

or that justice requires a new trial, *whether any exception shall have been taken or not,* in the court below." In the case at bar the officer who made the arrest was permitted to testify that the defendant had confessed to him that he had committed a similar crime about three years prior thereto and that sentence had been suspended. When there is no legal connection between the crimes and there is nothing in the conversation which renders it impossible for the prosecution to prove his confession of the crime charged without also proving what he said about the crime not charged, its admission, under objection and exception, constitutes reversible error. (People v. Loomis, 178 N. Y. 400.) But, the district attorney argues, there was no obpection or exception in this case. It has been pointed out that an appellate court may order a new trial, if justice requires it, whether an exception was taken or not. (People v. Minkowitz, 220 N. Y. 399.) To justify this court in granting a certificate of reasonable doubt it is not necessary to arrive at a positive conclusion that the trial court erred. It is enough if, in the opinion of the court, there is a serious question of law involved. It is not necessary to show that the alleged error did in fact prejudice the defendant, but that it could have affected or prejudiced his rights. In the case at bar, had the evidence been received over defendant's objection and exception, under the authority of the Loomis Case, supra, the Appellate Division would be justified in reversing the judgment. Without attempting to anticipate the decision of the Appellate Division, there is involved in this appeal a question of law deserving serious consideration and it presents the reasonable doubt which the statute contemplates. (People v. Hummel, 49 Misc. Rep. 136, 138; People v. Martin, 91 id. 107.) The application for a certificate of reasonable doubt will be granted.

Ordered accordingly.