THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM KELLY and Others, Defendants.

Supreme Court, Queens County, May 17, 1926.

Crimes — attempted extortion — application for certificate of reasonable doubt — indictment charged that defendants threatened to have complainant discharged from membership in labor union — conviction was had upon threat that if complainant did not " give them $200," defendants would prefer charges for violation of union rules and prevent issuance of " Boss' card "— variance between indictment and proof material within meaning of Code of Criminal Procedure, § 293 — whether or not said variance could be cured by amendment presents question for review by appellate courts — attempt of district attorney to discredit one defendant by showing he remained silent in face of admission of his attorney of what was in fact false, upon habeas corpus proceeding, prejudicial — defendants entitled to certificates of reasonable doubt.

There was a material variance on the conviction of the defendants of the crime of attempted extortion upon the threat that if the complainant " didn't give them $200 that they would prefer charges " against the complainant " for having non-union men on the job " and would prevent complainant from getting " a Boss' card " and otherwise cause him " a lot of trouble," when considered with the indictment which merely charged that the threat which induced the fear, the wrongful use of which constituted the crime charged in the indictment, was to have the complainant discharged from the labor union, of which the defendants were officials.

Whether or not such a variance could be cured by an amendment upon the trial within the meaning of section 293 of the Code of Criminal Procedure or regarded as merely immaterial, presents a question which should be reviewed by the appellate courts, and for that reason the defendants are entitled to certificates of reasonable doubt.

Moreover, the conduct of the district attorney in attempting to discredit one of the defendants upon the trial by showing that he remained silent and failed to openly protest against an admission by his attorney of what, in fact, was false, upon a hearing before a justice of the Supreme Court in a habeas corpus proceeding to obtain a reduction of bail, was prejudicial to the defendants, since defendant's silence, on the occasion to which the district attorney referred, when it would have been highly improper for him to speak, left in the minds of the jury an insinuation that the particular defendant sanctioned and affirmed a falsehood.

APPLICATION for certificates of reasonable doubt.

*Elvin N. Edwards, District Attorney [James N. Gehrig, Assistant District Attorney,* of counsel], for the plaintiff.

*Jacob A. Visel,* for the defendant Kelly.

*Dana Wallace [Harry A. Horton* of counsel], for the defendants Grainger and Locascio.

HAGARTY, J.   The defendants, after trial on the 20th and 21st days of April, 1926, were convicted of the crime of attempted extortion, and now apply to this court for certificates of reasonable doubt.

Extortion, in so far as it applies to this case, is defined by section 850 of the Penal Law to be " The obtaining of property from another, * * * with his consent, induced by a wrongful use of force or fear * * *." The threat by which this fear may be induced is defined by subdivision 1 of section 851 of the Penal Law to be " An unlawful injury to the person or property of the individual threatened."

An indictment must contain " a plain and concise statement of the act constituting the crime, without unnecessary repetition." (Code Crim. Proc. § 275, subd. 2.)   It must set forth with some particularity the substance of the threat which induced the fear, the wrongful use of which constitutes the crime of extortion.   An indictment stating merely that fear was induced by a threat to do " an unlawful injury to the person or property " of the complainant would not be sufficient.   Such an indictment would not sufficiently inform the defendant of the nature of the charge against him.   The object or thing to which the threat relates, and which is to be affected by its consummation, is a part of the threat itself, and must be stated with sufficient particularity to enable the defendant to meet a specific charge.   In the present case the substance of the threat which induced the fear, the wrongful use of which constituted the crime, was " to have him discharged from the union, of which the said William Kelly, James Grainger and John Locascio were Delegate, President and Vice-President, respectively."   Such an allegation was necessary under sections 275 and 284 of the Code of Criminal Procedure.   The nature of the threat having been alleged, the general rule is that it must be proved as alleged.   (2 Bishop's New Crim. Pro. 401.)   The defendants were convicted upon the threat that " if he [complaining witness] didn't give them $200 that they would prefer charges against me for having non-union men on the job and not let me get a Boss' card, and would make me a lot of trouble."   In his charge to the jury the learned trial judge did not specifically point out either the threat alleged in the indictment or the one charged upon the trial.   The jury found a verdict of guilty, as charged in the indictment.   In my opinion there was a material variance between the indictment and the proof.   Section 293 of the Code of Criminal Procedure provides for an amendment of the indictment to conform to the proof, but declares what variances are immaterial, provided that the defendant is not prejudiced.   The

variances included in the section are those which relate to " *time* " or to the name or description of any " *place, person* or *thing*." The cases cited by the district attorney, in opposition to this motion, relate to variances plainly within the purview of this section, in that they relate to *time, place, person* or *thing*. Here the variance relates to the nature and character of the threat itself, that is, it relates to the result to be accomplished by the consummation of the threat, and this result so to be accomplished is an inseparable part of the threat. Such a variance is not embraced within the language employed in section 293. Whether or not a variance of this character could be cured by amendment under the above-cited section, or regarded as immaterial, presents a question, which, in my opinion, should be reviewed by the appellate courts. (*People v. Oxfeld,* 121 Misc. 524, 525; *People v. Todoro,* 160 N. Y. Supp. 352, 356; *People v. Martin,* 91 Misc. 107, 109.)

The defendants assign as a further reason for the granting of this motion the admission of the testimony of an occurrence before Mr. Justice CALLAGHAN in a habeas corpus proceeding, the sole purpose of which was to secure a reduction of bail by the defendant Grainger. The defendant Grainger upon the trial had testified in his direct examination that he did not see the money alleged to have been passed. In cross-examination the district attorney elicited from the witness the fact that he remembered the habeas corpus proceeding. Referring to the occasion when the witness was before Mr. Justice CALLAGHAN, the district attorney then asked: " Q. Do you remember your counsel in your presence telling Judge CALLAGHAN that that $100 was given to you for a Boss's license card, didn't you hear him say that? " This was objected to, the objection overruled, and an exception taken. " Q. Do you remember that? A. Yes. Q. And that is not the fact, is it? A. No, it is not. Q. When your lawyer told that before Judge CALLAGHAN, when you were trying to argue your writ, *you allowed him to make a false statement in the presence of the court?* " While the witness gave no direct answer to the question, he was asked immediately afterwards: " Q. When your counsel said that to Judge CALLAGHAN, you knew that was untrue? A. Well, I wasn't paying any attention to what counsel was saying." The last question was then repeated to the witness, whereupon his counsel objected as follows: " Mr. Visel: I object to it and ask to have it stricken out as being an improper method of impeaching a witness. The Court: *No I do not so regard it.*" The matter seems then to have been dropped. As a matter of substantive law, it may be true that the defendant was bound by the admission of his attorney made to Mr. Justice CALLAGHAN, and also it may be true that on

cross-examination it was competent for the district attorney to draw from the witness *the fact of such admission* by his attorney and that it was not true. It may have been competent to prove such admission, binding on the witness, in order to contradict the testimony then given by the witness. But the district attorney was not satisfied with eliciting from the witness *the fact of such admission.* He attempted further to stultify and discredit the witness by showing that he *remained silent and failed to openly protest against the admission by his attorney of what in fact was false.* By the form of his question, twice repeated, the district attorney charges that the witness, by his silence before Mr. Justice CALLAGHAN, sanctioned and approved the conduct of his attorney in making a false statement. In the proceeding before Mr. Justice CALLAGHAN the defendant was not a witness. He was in the presence of a justice of the Supreme Court in a judicial proceeding. He was not called upon to speak. The occasion did not require him to interrupt the proceeding, and, uninvited, openly protest against and publicly deny the statement of his counsel. Yet the district attorney insinuated that, by his silence on an occasion when it would have been highly improper for him to speak, he sanctioned and confirmed a falsehood. In *People* v. *Willett* (92 N. Y. 29) it was held that the rule allowing the silence of the person to be taken as an implied admission of the truth of allegations spoken of or uttered in his presence does not apply to silence at a judicial proceeding or hearing. The conduct of the district attorney in this respect may have been and probably was prejudicial to the defendants. The general rule applicable is stated in *People* v. *Conrow* (200 N. Y. 356, 367) as follows: " There are circumstances in which the declarations of persons made in the presence of an accused are competent, but they are regarded as dangerous and should always be received with caution and should not be admitted unless the evidence clearly brings them within the rule. Declarations or statements made in the presence of a party are not received as evidence in themselves but for the purpose of ascertaining the reply the party to be affected makes to them. They are only competent when the person affected hears and fully comprehends the effect of the words spoken, *and when he is at full liberty to make answer thereto,* and then only under such circumstances as would justify the inference of assent or acquiescence as to the truth of the statement by his remaining silent. (*People* v. *Kennedy,* 164 N. Y. 456; *People* v. *Smith,* 172 N. Y. 210; *People* v. *Cascone,* 185 N. Y. 317.) "

In that case the trial court had stricken out all of the objectionable evidence and did all in its power to cure the error, but the

Court of Appeals held that the defendant had been prejudiced, and reversed the judgment of conviction.

To justify this court in granting a certificate of reasonable doubt it is not necessary to arrive at a positive conclusion that the trial court erred. It is enough that, in the opinion of the court, there is a serious question of law involved.

For the reasons set forth in this memorandum, I will grant the motion and issue the certificates.