THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH B. SCHUBERT, Defendant.

Court of General Sessions, New York County, June 25, 1931.

*Thomas C. T. Crain, District Attorney [Louis J. Capazolli, Assistant District Attorney, of counsel], for the plaintiff.*

*Morris Cukor,* for the defendant.

FRESCHI, J.   The defendant moves for a bill of particulars under the Code of Criminal Procedure, section 295-g *et seq.*   (See, also, *People* v. *Gilbert,* 96 Misc. 660.)   I am of the opinion that in order to describe and render the charge intelligible in its legal requisites (*Biggs* v. *People,* 8 Barb. 547, 551), a description of the circumstances should be furnished the defendant so that he may know what particular act or acts constitutes the forging of the instrument and writing set forth in the first count of the indictment here.

Under the second count, the defendant is entitled to have particulars as to the act or acts constituting the uttering, disposing and putting off as true of the alleged forged instrument mentioned in the indictment.   Where there is doubt as to some particular of the offense charged, the proper remedy is by a motion for a bill of particulars.   (See *People* v. *Farson,* 244 N. Y. 413; *People* v. *Weiss,* 158 App. Div. 235, 238; affd., 210 N. Y. 546.)   An indictment must sufficiently identify the crime.   While the very language of the statute has been held sufficient, yet it must also be definite and, with some particularity, identify the acts charged and give some specific indication of the claim of criminality made so that the definite issue may be litigated.   (3 Whart. Crim. Proc. [10th ed.] § 1637; 2 Bishop New Crim. Proc. [2d ed.] § 643; *People* v. *Williams,* 243 N. Y. 162, 165; *People* v. *Weiss, supra.*)   Of course, the prosecuting officer should not be compelled to furnish a bill of particulars giving evidentiary facts.   (See, also, *People* v. *Taylor,* 3 Den. 91.)

The motion is granted for the reasons assigned.