THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ARTHUR H. ROGERS, Defendant.

Court of General Sessions, New York County, March 14, 1934.

*William C. Dodge, District Attorney [Louis Capozzoli, Assistant District Attorney, of counsel], for the plaintiff.*

*Ward R. Burns,* for the defendant.

FRESCHI, J. Defendant presents two motions — one for an inspection of the grand jury minutes and another for a bill of particulars.

The indictment charges forgery in second degree in two counts — the forging and the uttering of a bank check for $25,000 drawn on the

National City Bank of New York. Originally, the case was before a committing magistrate. Defendant waived examination.

There seems to be no doubt that the check in question is a forgery. Defendant had possession of it, according to the complaint before the magistrate, and passed it to the firm of Libaire & Co. for deposit to his credit with the indorsement of one Frank E. Jordan who accompanied defendant when such deposit was made. Scienter is an essential element of the case; and the question of defendant's guilty knowledge is one of fact. The trial court will have to pass upon the sufficiency of *prima facie* proof. I believe the finding of the indictment was justified under the circumstances.

The particulars requested are: " The exact time and place where the instrument in writing, set forth in the indictment, is alleged to have been forged by the defendant, and the manner in which the forgery is alleged to have been accomplished."

The requirements of the statute have been met in the instant case. The acts constituting the crime are clearly set forth. (See *People* v. *Florence*, 146 Misc. 152; modfd., Id. 735.) There can be no doubt here about what are the particular acts claimed to be the putting off of the alleged forged instrument as true and valid. Only in case of doubt should particulars be granted. Evidentiary facts should not be given. (See *People* v. *Schubert*, 140 Misc. 689.)

Both motions denied accordingly.