[File No. Cr. 130.]

STATE OF NORTH DAKOTA, Respondent, v. FRED L. ANDERSON and T. C. Wilde, Appellants.

(267 N. W. 121.)

Opinion filed April 25, 1936.   Rehearing denied May 21, 1936.

*Crum & Crum* and *G. W. Twiford,* for appellants.

*P. O. Sathre,* Attorney General and *Robt. W. Palda,* State's Attorney, for respondent.

Nuessle, J. The defendants were arraigned on a charge of extortion. They demurred to the information. The demurrer was overruled. They were tried and found guilty. They moved in arrest of judgment. The motion was denied and judgment of conviction was entered against them. Thereupon they appealed to this court. The appeal is on the judgment roll.

The information charged that the defendants conjointly "did wilfully, unlawfully, and feloniously, with the consent of one Ward, induce him, the said Ward, by wrongful use of fear, to turn over to them an automobile, to wit: a 1929 Oldsmobile sedan. This contrary to the form of the statute. . . ." The defendants demurred on the ground "That said information fails to charge the defendants, or either of them, with a criminal offense under the law of the State of North Dakota, in that it fails to state how, or by what means, defendants used

force, or fear, to induce the prosecuting witness to consent to defendants obtaining his automobile." The statute, Compiled Laws, 1913, provides:

"Section 9943. Extortion is the obtaining of property from another with his consent induced by a wrongful use of force or fear, or under color of official right."

"Section 9944. Fear such as will constitute extortion may be induced by threat, either:

"1. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his or member of his family; or

"2. To accuse him, or any relative of his or member of his family, of any crime; or

"3. To expose, or impute to him or them, any deformity or disgrace; or

"4. To expose any secret affecting him or them.

"Section 9945. Every person who extorts any money or other property from another, under circumstances not amounting to robbery, by means of force or any threat such as is mentioned in the last section, is punishable by imprisonment in the penitentiary not less than one and not exceeding five years."

Pursuant to § 10737:

"The defendant may demur to the information or indictment when it appears upon the face thereof, either:

. . . . . . . . . . . . .

"2. That it does not substantially conform to the requirements of this code.

. . . . . . . . . . . . .

"4. That the facts stated do not constitute a public offense.

. . . . . . . . . . . . ."

Section 10685 provides that the information or indictment must contain a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. Section 10686 provides that the allegations of the information or indictment must be direct and certain as regards (2) The offense charged, and (3) The particular circumstances of the offense charged, when they are necessary to con-

stitute a complete offense. And section 10693 provides that the information is sufficient if it can be understood therefrom: (6) That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended; and (7) That the act or omission charged as the offense, is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case.

In support of their appeal the defendants first urge that the facts stated in the information do not constitute a public offense. In that behalf they contend that the information does not set forth that the automobile charged to have been obtained from Ward was his property, nor does it negative the ownership of such automobile by the defendants Anderson and Wilde, or either of them. They urge that the ownership of the property, or at least its rightful possession by Ward, was essential to constitute the obtaining of it from him under the circumstances set out in the information the crime of extortion; that the information does not so allege; that it is only by way of inference and implication from the facts set out in the information that it can be said that the automobile belonged to or was rightfully in Ward's possession. We think even though good if timely made, this contention of the defendants is raised too late. The demurrer is inartifically drawn. Its challenge is directed to the failure of the information to conform to those requirements of the Code of Criminal Procedure prescribed in sections 10685, 10686 and 10693 set out above. While it recites that the information fails to state facts constituting a public offense, it does not stop with this recital. It proceeds further and gives the reason therefor, to wit: that the information "fails to state how, or by what means, defendants used force or fear to induce the prosecuting witness to consent to the defendants obtaining his automobile." The insufficiency of the information in this particular respect was the defect at which the defendants' challenge was directed, and the ground on which the defendants relied on their motion in arrest of judgment. They now urge for the first time the insufficiency of the facts stated to constitute a public offense because the ownership or right to possession of the property is not challenged. An examination of the de-

murrer shows that when it was interposed the defendants conceded that the information sufficiently charged the automobile to be the property of Ward, for the demurrer recites that the information "fails to state how, or by what means, defendants used force or fear to induce the prosecuting witness to consent to the defendants obtaining *his* automobile." They cannot after trial and judgment be permitted to enlarge the grounds on which they objected to the information where the allegations of the information are such as they are here. See State v. Johnson, 17 N. D. 554, 118 N. W. 230; State v. Sanders, 14 N. D. 203, 103 N. W. 419. Accordingly, it becomes necessary to test the sufficiency of the information in the light of the requirements of §§ 10685, 10686, and 10693, supra.

The crime of extortion as defined by § 9943, supra, is a statutory enlargement upon the common law offense. At the common law extortion was confined to the unlawful taking by any officer, by color of his office, of any money or thing of value that was not due to him or more than was due or before it was due. 12 Cal. Jur. 374; Wharton, Crim. Law, § 1895; 1 Bishop, Crim. Law, 9th ed., § 573.

The rule with respect to statutory offenses generally, is that it is sufficient to charge them in an information or indictment in the words of the statute defining them. But this rule does not apply in all cases. The exception arises where "The particular circumstances . . . are necessary to constitute a complete offense." What the rule above referred to means is "That when the statute defines or describes the acts which constitute a particular offense, it is sufficient, in an indictment, to describe those acts in the language employed in the statute— applying them, of course, concretely to the person charged." People v. Ward, 110 Cal. 369, 42 P. 894; People v. Mahony, 145 Cal. 104, 78 P. 354. And this statement of the rule is consistent with §§ 10685, 10686 and 10693, supra. "But if the statute does not set forth all of the elements necessary to constitute the offense intended to be punished, an indictment which simply follows the words of the statute is not sufficient. It must, in such case, go further, and allege with certainty all of the particular facts necessary to bring the case within the intent and meaning of the statute. If the statute simply names the offense, and provides for its punishment, or defines a crime by its legal result, an indictment which simply follows the words of the statute is

not sufficient. It must go further, and state directly the facts whence the result comes." State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L.R.A. 178, 61 Am. St. Rep. 403. See also cases cited at page 187, Gilbert's New York Code of Criminal Procedure, 1935.

In considering the offense of extortion as defined in our statute, §§ 9943, 9944, and 9945, supra, must be read together. The fear essential to the offense under § 9943 must be fear induced by threat, that is, a threat is a necessary ingredient of the crime. Mitchell v. Sharon (C. C. A. 9th) 59 F. 980. And § 9944 defines the several sorts of threat that may induce the fear essential to the offense. Pursuant to § 10685, supra, an information must contain "(2) A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." See also subsections 6 and 7, § 10693. In People v. Corbalis, 178 N. Y. 516, 71 N. E. 106, 18 N. Y. S. R. 356, the court in an opinion by Parker, Ch. J., states the twofold object of these provisions, and, among other things, says: "The section prescribing what an indictment shall contain, as construed by this court, is not satisfied by an indictment which omits a statement of the acts which the people claim constituted the crime, when it may be made out by the proof of any one of the many different acts which constitute a violation of the statute under which this indictment is found."

The information in the instant case charges that the defendant did "induce" the complaining witness by "wrongful use of fear" to turn over the property described therein. This charge "did induce by wrongful use of fear" is in the language of the statute, section 9943. But the words "did induce by wrongful use of fear" are not a statement of the acts constituting the offense. They state merely the conclusion of the pleader. They in no wise inform the defendants or the court of the particular circumstances of the offense charged, or of the acts which the State expects to prove as a basis for the charge that the defendants induced the complaining witness to turn his property over by the wrongful use of fear. There could not be a better illustration of the reason for the requirements of the foregoing statutes than is the instant case. The case is here on the judgment roll. There is no transcript of the evidence. It is impossible for the most discern-

ing to glean from the information or from the judgment roll what acts the State charged or intended to charge the defendants with having committed. Certainly the case comes within the exception to the rule with respect to the charging of statutory offenses and the information fails to meet the requirements of §§ 10685, 10686 and 10693. See People v. Kelly, 127 Misc. 300, 216 N. Y. S. 116. In considering the consequences of such a deficiency in the information, it must also be borne in mind that in this state a defendant has no constitutional or statutory right to a bill of particulars. If an information offend against the requirements of the statutes above referred to, the defendants' only remedy is by demurrer. State v. Young, 55 N. D. 194, 212 N. W. 857. If he does not demur in such case the right to challenge the information on account of the deficiency is waived. See § 10745, Comp. Laws 1913; State v. Young, supra; State v. Wright, 20 N. D. 216, 126 N. W. 1023, Ann. Cas. 1912C, 795; People v. Sanders, 188 Cal. 744, 207 P. 380.

The judgment of conviction is reversed and the case is remanded to the district court for further proceedings according to law.

BURKE, Ch. J., and MORRIS, CHRISTIANSON and BURR, JJ., concur.