# UNITED STATES v. SUTTER.
## No. 9268.

Circuit Court of Appeals, Seventh Circuit.
April 22, 1947.

Robert V. Conners, and Conners, Eckert & Limperis, all of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., and Jack Arnold Welfeld, Ass't U. S. Atty., both of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The defendant-appellant was indicted on twelve counts for a violation of Section 85 of the Criminal Code, 18 U.S.C.A. § 171, which is set forth in the margin.[1] A motion to quash the indictment was overruled, and the case was submitted to a jury for trial. During the course of the trial the Government dismissed Counts Six and Ten. At the conclusion of all the evidence, the defendant made a motion for a directed verdict of acquittal which was denied. The jury found the defendant guilty on all 10 counts, and judgment was entered thereon. From this judgment the defendant has appealed.

The errors assigned are the overruling of the motion to quash, the overruling of the motion for a directed verdict, and refusal to give certain requested instructions.

 Each count of the indictment charged that the defendant did "under the color of such employment by the United States, willfully, knowingly, unlawfully and corruptly, for the sake of gain and for his own benefit and advantage, and contrary to the duties of said employment, ask, demand, extort and receive" certain sums of money from designated persons. We think the indictment is sufficient. It charged the offense substantially in the words of the statute. A conviction could not be had without proving that the defendant was an employee of the United States who under the color of his employment was guilty of extortion. There are averments in the indictment not necessary, but they may be considered as surplusage and ignored.

We pass to a consideration of the evidence challenged by the motion for a directed verdict of acquittal. Considering the evidence in the light most favorable to the Government, which evidence is without contradiction, the record shows that the defendant was employed by the United States in the Gauge Procurement Section of the Chicago Ordnance District, a division of the War Department. Just what his duties were is not clear from the record, but such duties related to the procurement of certain gauges. It was not a part of the defendant's duties to solicit funds for any cause, nor was he authorized to do so. He did have contacts with manufacturers who were making gauges for the Chicago Ordnance District. The defendant was shown on said contacts to have solicited funds from gauge manufacturers in the Chicago District allegedly for a magazine fund for returned injured veterans; for the Christmas Fund for the office employees; for the relief of a deceased colonel's widow; for disabled veterans; and for several similar charitable causes.

It does not appear under what circumstances the funds were solicited. No one testified that the defendant employed any threats, demands, or pressure, nor was there a scintilla of evidence that he had used his position with the United States to solicit or receive any money. His employment with the United States was only a condition that was present but was not used. There is no evidence that the defendant was on duty when he solicited the funds or that while he was dealing with the contributors he took any advantage of his position as an employee of the United States in order to obtain such funds. The funds were voluntarily contributed. The donors did testify that if they had known that the defendant was going to keep the money, they would not have contributed. It is not disputed that the defendant kept

---

1 "Every officer, clerk, agent, or employee of the United States, and every person representing himself to be or assuming to act as such officer, clerk, agent, or employee, who, under color of his office, clerkship, agency, or employment, or under color of his pretended or assumed office, clerkship, agency, or employment, is guilty of extortion, and every person who shall attempt any act which if performed would make him guilty of extortion, shall be fined not more than $500 or imprisoned not more than one year, or both." (R.S. Sec. 5481; June 28, 1906, c. 3574, 34 Stat. 546; Mar. 4, 1909, c. 321, Sec. 85, 35 Stat. 1104.)

the money. When offered a check in some instances, the defendant requested and received cash. All that appears is that he was a Government employee who had solicited funds for worthy causes from people who were doing business with the branch of the Government by which he was employed, and that he had kept the money.

The statute in question does not purport to punish a Federal employee for soliciting and receiving money, which money he appropriates to his own use.[2] The statute in question does not purport to punish a Federal employee who is guilty of fraud nor does it purport to punish a Federal employee who is guilty of extortion. The Federal employee may use a gun or blackmail to extort and he would not be liable under this statute, but he may not use his position with the United States. The statute seeks only to punish an employee who *uses his position of employment with the United States to extort*, and it does not define extortion. It is the abuse of position in the Government that this statute would punish, and the act of abuse is the use of official position to extort. Under this statute the two essential elements are first, that a Federal employee use his position of employment with the United States, and secondly, that such employee be guilty of extortion. To obtain a conviction, the Government would have to prove these two elements of the offense.

At common law, if a public employee under color of his office demanded and received money or a thing of value to which he was not entitled, he was guilty of extortion. LaTour v. Stone, 139 Fla. 681, 190 So. 704; State v. Anderson, 66 N.D. 522, 267 N.W. 121, 123. See United States v. Laudani, 3 Cir., 134 F.2d 847, 851.

There are no common law crimes within the jurisdiction of the Federal Government. In the Federal jurisdiction crimes are defined by act of Congress. Viereck v. United States, 318 U.S. 236, 241, 63 S.Ct. 561, 87 L.Ed. 734; Donnelley v.

United States, 276 U.S. 505, 511, 48 S.Ct. 400, 72 L.Ed. 676; United States v. Eaton, 144 U.S. 677, 687, 12 S.Ct. 764, 36 L.Ed. 591. Congress did not see fit to define extortion in the terms known to the common law. It said that if an employee under color of his office *is guilty of extortion*, he shall be punished. Therefore, extortion is used in its common, ordinary sense as distinguished from the sense in which it was known at common law.

Extortion is defined by Webster as the " * * * act or practice of taking or obtaining anything from a person by illegal use of fear, whether by force, threats, or any other undue exercise of power * * *." Webster's New International Dictionary, Second Edition, Unabridged (1942). If the statute in question had defined extortion as it was known at common law, it would have been sufficient if it had provided: "An employee of the United States who under the color of his office receives money or anything of value to which he is not entitled shall be guilty of extortion." In the common law offense of extortion, color of public office took the place of the force, threats, or pressure implied in the ordinary meaning and understanding of the word extortion. The instant statute requires more. It does more than substitute color of office for fear, threats, or pressure. The use of official position must be coupled with extortion. Under this statute, a Federal employee is guilty only if he uses his office to place another under compulsion of fear, force, or the undue exercise of power, so that such person parts with something of value unwillingly and involuntarily. It is the oppressive use of official position that is the essence of this offense. Official acts must be committed which cause another to act by reason of the pressure therefrom and not of his own volition. Daniels v. United States, 9 Cir., 17 F.2d 339, 342. In the instant case the contributors not only testified that they contributed freely and voluntarily, but they said that they would not have contributed if they had known the defendant was going to keep the money,

---

[2] Certain classes of Federal employees are guilty of an offense under other Federal statutes if they merely receive money unlawfully under color of their office. See 26 U.S.C.A. Int.Rev.Code, § 4047(e); 19 U.S.C.A. § 60; 18 U.S. C.A. § 330.

which seems to us the antithesis of extortion.

In our view of the case, the evidence wholly fails to show that the defendant used his employment to extort, but shows rather that he used appealing causes to defraud. The statute in question does not cover such an offense. The motion for a directed verdict should have been granted.

No question is presented as to the instructions as it is not shown that before the jury retired the defendant objected to the refusal to give the instructions he requested, stating distinctly the matter to which he objected and the grounds of his objection, as required by Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687.

The judgment of the District Court is reversed.