THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES KEOHANE, JAMES SMITH, HARRY CREW, EDWARD DONNELLY and JAMES DIGNEY, Defendants.

Court of General Sessions of the County of New York, May 17, 1951.

*Harold O. N. Frankel* for James Keohane, defendant.

*Samuel M. Ostroff* for Harry Crew and another, defendants.

*William W. Kleinman* for James Smith, defendant.

*Hugh O'Hare* for Edward Donnelly, defendant.

*Frank S. Hogan, District Attorney* (*Alfred J. Scotti* of counsel), for plaintiff.

STEVENS, J. These defendants have been indicted by the Grand Jury of the County of New York charged with the crimes of conspiracy and extortion. Motions are now made for a bill of particulars, alleging that the items sought are material and necessary to the defense of the defendant, James Smith (affidavit of William W. Kleinman, Esq.) that the indictment is not clear and " contains insufficient facts for the defendant James Keohane to prepare properly for the trial " (affidavit of Harold O. N. Frankel, Esq.) with the same contentions being advanced by the defendants Crew, Digney and Donnelly.

While the moving papers of each specifies at great length the items concerning which information is sought, in the main they parallel. We deem it unnecessary, therefore, to analyze in detail the various demands of each, since our general rulings will be equally applicable to all save where outstanding exceptions are indicated.

Under section 295-g of the Code of Criminal Procedure where there is a simplified indictment, it is mandatory that the court, at the request of the defendant, direct the district attorney to file a " bill of particulars of the crime charged." Where, however, there is a common-law or long form indictment, as here, there is no such obligation imposed upon the court.

This does not mean that there are no instances in which the application for a bill should be granted. Where justice demands that a party should be apprised of the charges with greater particularity (*People* v. *Stedecker,* 175 N. Y. 57), or where there is doubt as to some particular of the offense charged, the proper remedy is a motion for the bill of particulars. (*People* v. *Schubert,* 140 Misc. 689.) And, since the granting of the application is discretionary, if the court be satisfied with the affirmative allegations in the moving papers, it may decide that there is a sufficient ground for granting the relief sought and direct the filing of such bill.

The indictment in the instant case charges these defendants with the crime of conspiracy in the first count, and with the crime of extortion in the fifty-eight separate counts. It covers a period of approximately three years during which the alleged acts occurred.

There is here no motion directed toward the indictment itself. But rather an allegation, from the nature of the relief sought, that it fails to apprise these defendants with sufficient particularity of the nature and character of the offense charged, and of the facts which may be proved so as to enable them to prepare for their defense. This necessarily involves brief analysis of the indictment.

The first count which charges conspiracy on the part of these defendants, alleges that from December, 1947, to about January 24, 1951, these defendants acting together and in combination, agreed to do, and did, certain unlawful acts which are set forth in some detail. It relates how such alleged acts or plan were accomplished, by and through whom, and alleges fourteen overt acts done in pursuance of such alleged conspiracy " to effect the objects thereof."

Under our law, in contradistinction to the common law, the crime is not complete when the corrupt agreement is made, but there must be both an agreement and an overt act. (*People* v. *Flack,* 125 N. Y. 324 [1891]; Penal Law, § 583.) The overt acts alleged specify the defendant who allegedly did certain acts, the nature of such act or acts, the date, the county, and the alleged purpose. With the exception of " Overt Acts " Nos. " 2 " and

" 4 " referring to a " certain high official of the Fire Department " there seems no lack of clarity in terms of identification or relation. The gravamen of the offense is the combination, and the overt acts are alleged in detail.

The counts accusing the defendants of the crime of extortion, are in many respects similar, in their allegations, with the necessary changes to identify and charge various offenses or different acts.

The second count, for example, alleges that the act occurred in the County of New York, on a date specified, that these defendants " wrongfully, wilfully and extorsively " obtained a specified sum, from a named person, that such money was the property of a named corporation, the person referred to who allegedly made actual payment being an officer, agent or employee of said corporation, that the consent of such person was obtained by the wrongful use of fear induced by threats to do a particular thing, and that such act or omission would, as defendants knew, produce a certain result. Reference to certain facts or factors here, is not to be construed as stating conclusions as to the occurrence or nonoccurrence of the acts alleged, but merely that we might apply the yardsticks of clarity and particularity.

The counts charging extortion do not simply repeat in the acts constituting the crime, the charge itself. They specify a sum, identify a person, indicate a date or time, describe in some detail the means used, and the purpose or object to be achieved. The substance of the alleged threats is set forth in some detail as required (*People* v. *Kelly,* 127 Misc. 300). The threats were to unlawfully and corruptly hinder, impede and interfere with the conduct of the person's business by wrongfully delaying inspections which would result in delaying the issuance of combustible permits, thereby delaying payments therefor, and causing harm to the business.

While the indictment is merely an accusation in writing charging a crime (Code Crim. Pro., § 254), it must also contain a plain and concise statement of the act or acts constituting the crime (Code Crim. Pro., § 275; *People* v. *Grogan,* 260 N. Y. 138) in order to apprise the defendant of the nature and character of the offense charged, and of the facts which may be proved so as to enable him to prepare for his defense (*People* v. *Knapp,* 147 App. Div. 436, affd. 206 N. Y. 373). It need not be so specific as to inform the defendant of the evidence to be produced against him. (*People* v. *Kaplan,* 143 Misc. 91.)

It is contended that the various counts do not specify a particular defendant, and consequently the defendants are prejudiced thereby.

An allegation in an indictment that " the defendants " did a particular act, should be deemed an allegation that each defendant did such act, when they are charged with joint action. For when a person is named in an indictment as a principal, it may be shown that he either committed the act himself or that he acted in conjunction with those who did actually commit it. (*People* v. *Eichner,* 168 App. Div. 200.) And in extortion the person charged need not have been present when each and every act was committed, he may be shown to have advised or procured its commission. (*People* v. *McLaughlin,* 2 App. Div. 419.)

In the instance of the defendant, James Keohane, certain information is sought concerning acts and occurrences which transpired prior to his alleged joining of the conspiracy. More particularly as to his direct participation in such acts. It has been said that " whenever a new party concurs in the plans originally formed, and comes in to aid in the execution of them, he is from that moment a fellow conspirator." (*People* v. *Mather,* 4 Wend. 229, 260.)

The crimes charged and acts done were continuing and it is not necessary that the People identify each defendant separately as to each and every act, for all are charged as principals and the naming of a particular defendant might well be an empty formality. (See *People* v. *Florence,* 146 Misc. 735.)

As to the demands for the locations of each building, the date of each application for permits, owners of the respective buildings, inspections, etc., those are more properly evidentiary matters. (*People* v. *Parkinson,* 181 Misc. 603; *People* v. *Stedeker,* 175 N. Y. 57, *supra.*) For the indictment here charges the facts constituting the crime, and the place where such acts were committed as being within the jurisdiction of the court.

All defendants seek to ascertain the identity of the " high official in the Fire Department " referred to in the indictment. The identity of such person is a species of information peculiarly within the possession of these defendants if they did in fact commit the offense. What the defense here seeks is evidence in the hands of the People, if such evidence exists. The People have the affirmative and must prove the elements of the crime charged beyond a reasonable doubt. It is not our intention to require the District Attorney to disclose his case before trial or material portions thereof, unless there is such lack of certainty and particularity as would prejudice the defendants. It

would seem that the fact of the alleged payment, rather than the identity of the recipient, under the circumstances here indicated, would apprise the defendants as to the material particular.

In summary, we are of the opinion that the indictment satisfies section 284 and relevant sections of the Code of Criminal Procedure and that the offenses charged are described with sufficient particularity.

Accordingly, the motions are denied.