Michael E. Sweeney, J.
This is an application for a writ of habeas corpus. The relator was convicted of criminal contempt, a misdemeanor. He received a six months’ jail sentence and a $1,000 fine. Subsequent to conviction and sentencing he applied for a certificate of reasonable doubt to a Justice of the Supreme Court which was denied. The defendant was incarcerated on June 30, 1969. In this application he. maintains, among other things, that the court did not have jurisdiction to enter a judgment of conviction and more specifically that he did not receive a legal trial.
The factual situation is somewhat bizarre. Just prior to starting the trial, the attorney for the defendant (not the attorney who is representing the defendant in this proceeding) asked for a continuance on the ground that an essential and material witness was unavailable. The court denied the application and ordered the case tried. After a rather heated colloquy between the court and the defense attorney, the latter and defendant refused to participate, and did not thereafter participate in the ensuing trial.
During the trial the court repeatedly asked the defense counsel if he wanted to question the jury, examine a witness, make an opening or closing statement, etc., and defendant’s attorney refused. The defendant himself was asked if he desired to question, and he stated in substance he would have to follow the advice of his attorney.
It is the contention of the defendant, among other things, that the factual situation presented here is unique; that as a result of it he was deprived of a fair trial, or as he states, in fact, any trial at all. He argues, at least inferentially, that he was a victim of circumstances and could only follow the advice of counsel; that the dispute between the court and his attorney was not brought about because of any urging on his part. In view of these circumstances the defendant maintains he is entitled to have the writ sustained.
*64 It is the contention of the prosecution, among other things, that the defendant and his attorney refused to participate in the trial knowingly and consciously, and he cannot now be heard to complain; that he could have at any time participated in the trial. The prosecution further maintains that habeas corpus is not the proper remedy under these circumstances.
The normal and ordinary procedure after a conviction is for the defendant to take an appeal. If it is his desire to be free on bail during the appeal he may apply to the court for a certificate of reasonable doubt, as provided for in section 529 of the Code of Criminal Procedure. While this was done in the present case, the defendant now contends that many of the issues raised in this present application were not raised by his former attorney on the application for the certificate of reasonable doubt. The reason, he states, is obvious: his. attorney (trial counsel) would have to urge that his conduct on the trial was such that defendant did not receive a fair trial.
There is no question in my mind but that this court initially had jurisdiction of the defendant and of the crime of which he was charged. The defendant, however, takes the position that before the court can cause a judgment of conviction to be entered there must have been a legal trial. He strongly urges that he is entitled to the relief because he was inadequately and ineffectively represented to the extent that he had no representation and consequently, no legal trial. This argument might have some merit if the court had assigned incompetent or inexperienced counsel. This might be so because the court has an obligation under our law to see that a defendant is properly and adequately represented. (See People v. Brown, 7 N Y 2d 359, 361.) In the instant case, this reasoning does not apply, for it was the defendant himself who engaged counsel. The court could not have discharged this attorney and assigned someone else. That, in my opinion, would have constituted improper interference. See People v. Hernandez (8 N Y 2d 345, 347-348) where the court stated: “ While it is certain that a defendant has a full right to be represented by counsel, and the courts may have a duty to assign counsel in specific cases, there is also a corresponding right to insist on a personal counsel (N. Y. Const., art. I, § 6). This is a choice which the defendant himself must make, and with which the courts may not interfere (People v. Price, 262 N. Y. 410).” It should also be pointed out that at no time did the defendant voice an objection to the court concerning the manner in which his attorney was conducting the trial, nor did he ask for an adjournment to engage other counsel. True, the defendant is not an attorney, and perhaps unwillingly *65 went along with his attorney, not knowing just what to do. In spite of this there was nothing the court did, or that the District Attorney did, to deprive defendant of a fair trial. (People v. Tomaselli, 7 N Y 2d 350, 354.)
Consequently, I must conclude that the defendant cannot obtain relief at this time by means of habeas corpus. His remedy is by appeal.
The defendant has pointed out that his previous attorney inadequately presented the application for a certificate of reasonable doubt and he is compelled to remain in jail pending the appeal. Again, this was a determination made by the attorney selected by the defendant. Defendant now claims that he is in a most difficult situation which leaves him with no means of present relief. With this I do not agree. If at this time he has additional grounds for urging a certificate of reasonable doubt he may apply to the Justice who heard the matter for a reargument of that application. (People v. Oxfeld, 121 Misc. 524; People v. Balcerzak, 2 Misc 2d 895.)
The relator has failed to sustain the writ.