(June 20, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY W. YATES, Appellant.— Appeal from a judgment of the County Court, Sullivan County, rendered June 18, 1973, upon a verdict convicting defendant of the crime of robbery in the second degree. On this appeal defendant urges that he was deprived of his right to counsel and that his right against self incrimination was violated in contravention of the Fifth, Sixth and Fourteenth Amendments. We find no merit in either of these contentions. It is obvious from the record that despite the efforts of all concerned to persuade defendant that he should have allowed the Public Defender to conduct his defense that defendant, nevertheless, voluntarily and with full awareness of what he was doing chose to conduct his defense *pro se*. Defendant's argument that the court should have appointed counsel other than the Public Defender to represent him has no merit. There is no question that the attorneys from the Public Defender's office were competent and tried to assist the defendant who spurned their aid and assistance and decided to handle his own defense. It is for the court, not the defendant, to select assigned counsel (*People* v. *Brabson*, 9 N Y 2d 173, 180, cert. den. 369 U. S. 879; cf. *People* v. *Fields*, 43 A D 2d 649), and there is no evidence that the Public Defender's office could not have adequately represented defendant. Nor do we find any merit in the contention that the trial court should have inquired more fully into defendant's competence to represent himself. Although defendant now asserts that he was not competent to defend himself at trial, he does not argue that he was either insane or lacked sufficient intelligence to participate in the trial. Accordingly, while the Trial Judge in a criminal case has a duty to see that assigned counsel provides effective representation to a defendant (*People* v. *Bennett*, 29 N Y 2d 462, 467), the defendant had a constitutional right to conduct his own defense if he so desired (e.g. *People* v. *McIntyre*, 41 A D 2d 776) and, in the absence of lack of mental capacity which is not presented or claimed on the instant record, an interference by the Trial Judge with defendant's conduct of his defense would have been unwarranted (cf. *People ex rel. Torre* v. *Calkins*, 60 Misc 2d 62). Similarly, defendant's argument of self incrimination has no merit. A criminal defendant may choose to testify voluntarily in his own behalf, but by doing so he subjects himself to the same rules of examination as pertain to other witnesses (*People* v. *Shapiro*, 308 N. Y. 453, 458). Defendant's election to testify was unquestionably voluntary and a self-chosen tactic of his defense. Defendant presented an alibi which was apparently not believed by the jury and, on cross-examination, the fact of a prior conviction was elicited in a proper fashion (*People* v. *Sorge*, 301 N. Y. 198, 200); other than this, the Trial Judge cut off inquiry into other possible criminal acts not charged in the indictment. Defendant voluntarily having chosen to proceed as he did in handling his own defense has on the instant record no cause for complaint and, accordingly, the judgment appealed from should be affirmed. Judgment affirmed. Herlihy, P. J., Greenblott, Kane and Reynolds, JJ., concur.