■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 9, 1975, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The indictment before the court arises out of an armed robbery allegedly committed by the defendant and an accomplice of a Mr. Valerio, the complainant, in a grocery store owned by him. During the course of the crime a struggle ensued and several shots were fired, one of which struck the complainant in the leg. As witnesses for the People, the complainant Valerio and Luis Franco, his clerk, who was present in the store at the time of the shooting, both positively identified the defendant and his accomplice. Mr. Valerio and Mr. Franco testified, in substance, that they lived in the neighborhood where their store was located and that they had seen the defendant on many occasions in the store, where he had been a customer. In fact, the complainant testified that he had seen and known the defendant for about nine months prior to the robbery. It is thus apparent that the guilt of the defendant was fully established and, in the absence of the most extraordinary circumstances, the jury's verdict of guilty on all counts should not be disturbed (cf. *People v Crimmins,* 36 NY2d 230). Parenthetically, by his own admissions, the defendant is a predicate felon and a recidivist with an extensive record of arrests and convictions of similar crimes of violence and is, indeed, presently awaiting trial on murder and attempted murder charges. This makes all the more lamentable the decision which simple justice dictates—a reversal of the judgment and a new trial. Almost from the very outset of the trial, the defendant denounced

his assigned counsel as incompetent and demanded a continuance in order to retain a new lawyer. The case having been marked "ready" for trial following a *Wade* hearing, the trial court, in its discretion, denied the application. The *voir dire* was completed by defendant's assigned counsel, although during part of it the court permitted the defendant to remain outside of the courtroom. As the taking of testimony began, the defendant was again present in court with his assigned counsel. However, at one point during the cross-examination of the complainant Valerio, the defendant's counsel stated that he had been discharged by his client, who had instructed him not to participate further in the trial. Apparently with the permission of the court, counsel then left the counsel table and seated himself in the audience beyond the "well" of the court. From that point on things rapidly deteriorated: there was no cross-examination of the remaining People's witnesses and no summation by defendant's counsel. In lieu of a summation, a totally innocuous and ineffective statement was made by the defendant in person. In the presence of the jury, motions to dismiss were made by the defendant and denied by the court; the jury was charged and retired. A short time later the jury returned and requested from the court an explanation as to what had transpired between the defendant and his counsel, "since it is affecting our deliberations." In response to the question, the court, in substance, stated that after the trial was completed the matter would be thoroughly explained. In the absence of either explanation or clarification, a clear impression was left in the minds of the jurors that the defendant, charged as he was with the crime of armed robbery, had acted in some grossly improper manner. Under all of these circumstances, and no matter how evident his guilt may be, the defendant is entitled to a new trial. It is well to point out that the chaos and confusion attendant upon this trial, largely provoked, as it was, by the deliberate and designed tactics of the defendant, could have been completely avoided had the trial court simply instructed and directed the defendant's assigned counsel to proceed with the trial. If the defendant then persisted in disruptive practices, he could have been banned from the courtroom (see *People v Crown*, 51 AD2d 588). It is obvious that the conduct of the defendant was not alone reprehensible, but provocative to a marked degree. It is equally clear that his demands were not made in good faith and that the trial court, in its discretion, properly denied his applications (e.g., for an adjournment and for assignment of new counsel). Once the trial began the defendant's right to change counsel was not absolute, but rested within the court's discretion (see *People v Dinan*, 15 AD2d 786). Yet the defendant was entitled to, and it was the court's obligation, to insure that he received, effective representation (see *People v Yates*, 45 AD2d 778). Having properly denied the defendant's request for an adjournment and his demand for new counsel, the trial court should have directed the assigned counsel to proceed with the normal conduct of the trial. His failure to do so leaves this court no recourse but to reverse the judgment and order a new trial. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.