[File No. Cr. 189]

THE STATE OF NORTH DAKOTA, Respondent, v.
JOHN GEBHARD, Appellant.

(13 NW(2d) 290)

Opinion filed February 28, 1944

F. E. McCurdy, for appellant.

Arne Vinje, State's Attorney, and P. O. Sathre, Assistant Attorney General, for respondent.

BURR, J.   The defendant appeals from a judgment of conviction of rape in the first degree and from the order denying his motion for a new trial.

There are numerous specifications of error. We have examined these and find it unnecessary to refer to any except the one dealing with the insufficiency of the evidence to justify the verdict and the alleged errors in permitting the complaining witness to state what she said to two witnesses and the testimony of these two witnesses regarding it.

It is not necessary to set forth the evidence. We see no reason why the question of the facts should be resubmitted to a jury. There is a square conflict between the testimony as given by the prosecutrix and the testimony as given by the defendant. The determination of the facts was for the jury. There is sufficient evidence to sustain the verdict as rendered.

The jury is the sole judge of the facts in a criminal case, and where the testimony is such that reasonable minds may believe that the charge alleged in the information has been proven beyond a reasonable doubt, the verdict of the jury is conclusive as to its sufficiency and the action of the trial court in denying a new trial based upon the insufficiency of the evidence will not be disturbed. See State v. Ugland, 48 ND 841, 187 NW 237; State v. Severin, 58 ND 792, 228 NW 199; State v. Young, 55 ND 194, 212 NW 857; State v. Lyon, 59 ND 374, 230 NW 1; State v. Thompson, 68 ND 98, 104, 277 NW 1, 3.

The offense was committed August 28, 1942, while the prosecuting witness, a girl who was fourteen the next month, was at the home of the defendant. She left his home about eleven p.m., went the short distance to her own home and was crying when she came there. She stated that on the following day she "told" two girls. What she said to these girls was not disclosed, and they were not witnesses. On the next day, which was a Monday, she told her mother that she was not going back to the defendant's place alone and this statement was received without objection. On the afternoon of the next day she "told" a girl by the name of Shirley. The objections center around the statements to the mother and to Shirley. The court properly allowed the prosecutrix to state that she had "told" the mother and Shirley, and also the time when she told them. The questions were preliminary and the jury was not informed as to what she said to Shirley.

The defendant then cross-examined her to show the prosecuting witness was simply "bragging" when she told about the affair, relating it in the nature of an adventure. This clearly was for the purpose of discrediting her before the jury. Thereafter, the court permitted the mother to state that her daughter had said she was not going back there alone, that the defendant was nasty; permitted the prosecuting witness to relate what she told Shirley, and permitted Shirley to relate what the prosecuting witness had stated. All this was over the objection that it was no part of the res gestae, was hearsay, and statements not made in the presence of the defendant.

In such a case as this, defendant has a wide range of inquiry to attack the credibility of the prosecutrix. As the court charged the jury, it is a charge easy to make against a man and hard to disprove. The general rule in this jurisdiction is laid down in State v. Werner, 16 ND 83, 91, et seq, 112 NW 60, 62. Where a statement is made immediately following the commission of the crime, "the particulars of the complaint may be proved as part of the state's case in chief the same as any facts which are a part of the res gestae." But, further, (p. 92) "after the particular testimony of the prosecutrix has been attacked, or *her credibility questioned by the defense*, the state may prove the particulars of such statement, either by her or by the person to whom such statement was made—also that a cross-examination aimed at the

impeachment of the prosecutrix as to such statement, entitles the state to show all the particulars."

The defendant sought to lay before the jury a condition wherein they could infer the girl was manufacturing the story, bragging about the incident, making a sort of heroine of herself. Up to this time, the jury did not know what she said and therefore there was no error in allowing the prosecuting witness and the witness Shirley to state to the jury what was said so they could determine whether she was just "bragging" about it.

The state's witnesses, together with the defendant himself, show a reasonable, coherent story of his visit to the home to get the girl to come and take care of his children; and a persuasive agreement on all matters, except the actual acts constituting the crime. Was the complaining witness bragging about it? That was something the jury had a right to know, now that the defendant injected this situation into the case. The jury thereafter had the matter before them and it threw light upon a point which was raised by the defendant, and gave to the jury an insight into a matter opened by the defendant himself.

When we take into consideration the whole incident as related by the prosecuting witness, the clarity of her story, admissions by the defendant, the challenge to the credibility of the prosecuting witness, we hold that whatever error there may have been from time to time in overruling objections was not prejudicial. The judgment therefore is affirmed.

Morris, Ch. J., and Christianson and Burke, JJ., concur.

Nuessle, J. (dissenting). I am unable to agree with all that is said in the foregoing opinion.

It seems to me there was prejudicial error on the part of the trial court in permitting the complaining witness to relate what she told her mother and the witness Shirley concerning the alleged offense and in permitting the mother and the witness Shirley to in turn detail what the complaining witness told them.

The opinion holds this testimony admissible, not because what was said by the complaining witness was in the nature of a complaint, but

on the theory that the foundation for its admission was laid by the defendant's attack on her credibility. Certainly this theory can have no application insofar as the mother's testimony is concerned. And I think that it can have no application insofar as what was said to Shirley is concerned. The theory is that the foundation for the admission of the testimony was laid by inquiries by defendant's counsel when cross-examining the complaining witness. At that time she said she had told the witness Shirley and others what had occurred. She was asked as to why she had told Shirley and whether or not she was bragging when she did so. To these inquiries she answered she was not bragging when she told Shirley but told her because Shirley asked her. This was a sufficient explanation as to why she had the conversation with Shirley and the manner in which it was had. There was no necessity for any other testimony for the purpose of re-establishing her credibility, if it had been challenged as contended. If the admission of this testimony was error, and I think it was, it was prejudicial. It permitted a reiteration by the complaining witness of what she had said, and a further reiteration by her mother and by the witness Shirley. Where the evidence tending to establish the defendant's guilt was no stronger than it was in the instant case, it is impossible for me to escape the conviction that this might have made some weight with the jury.

I think there should be a reversal of the judgment of conviction and that a new trial should be had.