STATE of North Dakota, Plaintiff and
Respondent,

v.

Harlen D. ALFSTAD, Defendant and
Appellant.

Cr. No. 295.

Supreme Court of North Dakota.

Sept. 29, 1959.

Duffy & Haugland, Devils Lake, for appellant.

Leslie R. Burgum, Atty. Gen., Vincent La Qua, State's Atty., Fessenden, and Joseph C. McIntee, Towner, for respondent.

STRUTZ, Judge.

The defendant was convicted of rape in the first degree in the district court of Wells County. He appeals from the judgment of conviction and urges two specifications of error in support of his appeal. First, he contends that the evidence is insufficient to sustain the verdict of the jury and, second, that the instructions to the jury by the trial court were not sufficient and that the lack of sufficient instructions amounted to misinstruction. The defendant contends that the failure of the court to instruct on the degree of resistance and the degree of force required was error, in that the jury might well have determined if there was any evidence of resistance, however slight, and if the defendant used any force, however slight, a conviction should be had.

■■■ The complaining witness, at the time of the alleged offense, was almost nineteen years of age. It therefore was necessary for the State to produce evidence of force. There was ample evidence of force in the record. We feel that no useful purpose would be accomplished by a recital of the details of the events leading up to this charge, but will say that the prosecuting witness testified positively as to the use of force. It is true that the testimony as given by the defendant is in direct conflict with the testimony given by the prosecutrix. However, the prosecutrix's testimony is corroborated by the condition of her person and the condition of her clothing. Her testimony further is corroborated by the fact that she made immediate complaint to the members of her family upon being taken home by the defendant. Following her complaint, her parents immediately contacted the officers in the county seat and the defendant was arrested within a few hours after the commission of the crime.

The prosecutrix testified positively to the use of force by the defendant to accomplish his purpose. The testimony of the members of her family as to her complaint immediately upon reaching home, her physical condition, and the torn and muddy condition of her clothes all indicate that there was substantial evidence upon which the jury could find a verdict of guilty. While the defendant's testimony squarely contradicts the testimony of the State's witnesses, he gives no satisfactory explanation of the physical condition of the prosecutrix and the torn and muddy condition of her clothes.

Since there was substantial evidence of the defendant's guilt, it was for the jury to pass on that question. Questions of the weight of the evidence and the credibility of witnesses are always for the jury, and a verdict based on substantial evidence, even though contradicted by the defendant, will not be disturbed on appeal. State v. Keller, 77 N.D. 165, 42 N.W.2d 319; State v. Gebhard, 73 N.D. 206, 13 N.W.2d 290; State v. Johnson, 58 N.D. 832, 227 N.W. 560; State v. Bossart, 61 N.D. 708, 240 N.W. 606.

■■■ The defendant further urges, as ground for reversal, that the instructions of the trial court were insufficient and that the lack of sufficient instructions amounted to misdirection of the jury. The defendant vigorously contends that the failure of the court to instruct on the degree of resistance and the degree of force required was prejudicial error. The court instructed on the question of rape in the language of the statute, but failed to specifically instruct on the degree of resistance or the degree of force necessary to constitute the crime. No instruction was requested by the defendant on the question of resistance of the complaining witness or on the question of the degree of force necessary by the defendant. Generally, unless an instruction properly stating the law has been requested, the instruction given is not subject to attack on appeal. 24 C.J.S. Criminal Law § 1674, p. 302.

In other words, a failure to give a particular instruction is generally not review-

:able on appeal unless an objection to the charge as given was made and a proper request made for such instruction.

With reference to the instructions given to the jury in this case, the record shows that, after the State had rested its case, the following proceedings were had:

"The Court: Do you want to make any motions?

"Mr. Mattson: I would prefer to wait until morning.

"The Court: The record will show at this time the Court hands to the attorneys for the State a copy of the written instructions to the jury which the Court proposes to give. And at this time the Court hands to the attorney for the defendant a copy of the proposed written instructions which the Court intends to give. I do this so that the attorneys will have plenty of time to look them over and suggest any corrections or take exceptions thereto, or to ask for additions.

"I will say this, that this is five o'clock P.M., on the 15th day of July, 1958, and the attorneys will be required to make their exceptions for— or other requests before they start arguing the case. Now the case hasn't rested yet. I want to give you a chance to be fully informed what the instructions are as proposed and also to offer any that you feel the Court might have overlooked or any necessary changes. As I said, take exceptions at that time and the Court will inquire as soon as both sides have rested."

The following morning, after defendant's motion for an advised verdict, which motion was denied, the following proceedings took place:

"The Court: * * * Do you gentlemen desire to consider the matter of the instructions at this time?

"Mr. Mattson: That is the only thing.

"Mr. La Qua: Yes.

"The Court: Very well, the Court at this time is considering the exceptions to the written instructions of the Court by request of both parties, and the defendant has moved or taken exception to Lines 13, 14, 15 and 16 of the original submitted instructions on Page 15, and he moved to delete the following: 'And determine whether or not the State has proven those material allegations in this case, which I have told you that the State has the burden of proving in order to make this case and enable you to find the first verdict.' There being no objection those four lines will be deleted and a new page written by the reporter.

"And have you any changes to suggest, Mr. State's Attorney?

"Mr. La Qua: No, we haven't.

"The Court: And have you any further changes?

"Mr. Mattson: That is all as far as the defendant is concerned.

"The Court: Otherwise the instructions are satisfactory to both sides, are they?

"Mr. La Qua: Yes.

"The Court: If there are any further instructions that you desire the Court will consider them.

"Very well. Both sides agree to the instructions as amended.

"Mr. Mattson: Satisfactory to us."

Section 29–2133 of the North Dakota Revised Code of 1943 reads as follows:

"29–2133. Charge; Exceptions Before Given. The court may submit to the counsel in the case for examination the written instructions which it pro-

poses to give to the jurors, and may require such counsel, after a reasonable examination thereof, to designate such parts thereof as he may deem objectionable, and thereupon such counsel must designate such parts of the instructions as he may deem improper, and thereafter only the parts so designated shall be deemed excepted to, or subject to exception."

Thus the statute specifically provides that, where the court submits proposed written instructions to counsel for both sides, and counsel have a reasonable time for examining them and to designate such parts of the instructions as they may deem improper, only the part so designated shall be deemed excepted to or subject to exception.

Where the court submitted proposed written instructions to counsel after the close of the State's case and the following morning requested counsel to make any exceptions or any additions desired, and counsel for the defendant, after making certain suggestions for changes, stated that the instructions were "satisfactory to us," no complaint can be made on appeal with regard to such instructions.

While it has been held in some cases, especially capital cases, that the court may consider an objection to an improper charge, if the error is fundamental and clearly prejudicial, the court will not exercise its power to disregard the absence of an objection unless on the whole case there is a reasonable basis for fear that injustice has been done. Considering the whole case, and all of the evidence in this case, we are of the opinion that the verdict of the jury was proper and was amply supported by substantial evidence.

The judgment of the trial court is affirmed.

SATHRE, C. J., and MORRIS, BURKE, and TEIGEN, JJ., concur.